THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARTIN RODRIGUEZ, Defendant-Appellee.

Third District    No. 3—93—0025

Opinion filed October 29, 1993.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE BARRY delivered the opinion of the court:

The trial court dismissed with prejudice the criminal complaint filed against the defendant, Martin Rodriguez. The State appeals, and we reverse.

Initially, we note that the defendant has not filed an appellee's brief. Nevertheless, since the record is simple and the issue is clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

In the case at hand, the record shows that on February 14, 1992, the defendant was charged by criminal complaint with unlawful possession of cannabis. Following several delays, the defendant's case was set for a bench trial on September 1, 1992. On that date, the State filed a motion to continue which the trial court granted. However, the court made a finding that the State had failed to exercise due diligence in pursuing the prosecution.

On September 16, 1992, the case was called for trial at 9:45 a.m. At that time, the State informed the judge that its witnesses were not present and asked the court to pass the case to the end of the court call. The court refused to pass the case, and, following a short recess, it called the case for trial. The State made a motion for continuance, which the trial court denied. The court then dismissed the case with prejudice, finding that the State had failed to use due diligence in prosecuting the case in violation of section 114—4(e) of the Code of Criminal Procedure of 1963. Ill. Rev. Stat. 1991, ch. 38, par. 114—4(e).

On appeal, the State argues that the trial court erred in dismissing the case pursuant to section 114—4(e). Specifically, it alleges that the court lacked authority to dismiss the case since section 114—4(e) only allows for the dismissal of cases in which the defendant is charged by indictment or information.

Section 114—4(e) states that all motions for continuance are addressed to the discretion of the trial court and shall be considered in

the light of the diligence shown on the part of the movant. Where one year has expired since the filing of an information or indictment, if the court finds that the State has failed to use due diligence in bringing the case to trial, on its own motion the court may dismiss the information or indictment. Ill. Rev. Stat. 1991, ch. 38, par. 114—4(e).

We note that this court, in *dictum*, has already addressed the issue of whether section 114—4(e) applies to criminal complaints. In *People v. Harris* (1991), 222 Ill. App. 3d 1089, 583 N.E.2d 1164, we stated that section 114—4(e) by its terms applies only to informations or indictments and not to criminal complaints or uniform traffic citations. In addition, we stated that the provision was inapplicable unless one year had passed since the filing of the charging instrument.

We now adopt the language of *Harris* and find that section 114—4(e) does not apply to criminal complaints. In addition, we note that the trial court also erred in applying that section in this case because one year had not passed since the filing of the complaint. As such, we find that the trial court lacked authority under section 114—4(e) to dismiss the criminal complaint filed against the defendant.

Accordingly, the judgment of the circuit court of Will County is reversed.

Reversed.

STOUDER and LYTTON, JJ., concur.