No. 3--05-0668
Filed August 9, 2006

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2006

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois |
|---|---|---|
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No.  05--DT--743 |
| ARMANDO DOMINGUEZ, | ) | Honorable |
| Defendant-Appellee. | ) ) | Richard C. Schoenstedt, Judge, Presiding. |

PRESIDING JUSTICE SCHMIDT delivered the opinion of the court:

On May 13, 2005, the defendant, Armando Dominguez, was issued three traffic tickets, including one for driving while under the influence of alcohol, other drug or drugs, intoxicating compound or compounds, or any combination thereof, in violation of section 11--501(a)(6) of the Illinois Vehicle Code (the Code). 625 ILCS 5/11--501(a)(6) (West 2004).  Subsequently, defendant received notice that his driving privileges were to be summarily suspended pursuant to section 11--501.1 of the Code.  Defendant filed a petition to strike and rescind his statutory summary suspension, which was granted by the circuit court of Will County.  The State appeals from the circuit court's order

granting defendant's petition.

BACKGROUND

On the day defendant was issued the three traffic tickets, he agreed to provide a sample of blood and urine to determine whether he had ingested any illegal drugs. Several weeks later, the police officer who issued the tickets received a lab report which indicated that defendant had, in fact, ingested illegal drugs. The police officer prepared a supplemental sworn report. Copies of this report were mailed to the defendant and the Secretary of State. The Secretary of State then sent a confirmation of defendant's statutory summary suspension to the defendant. No sworn report was mailed to the circuit court of Will County.

Prior to the date upon which his statutory suspension was to become effective, defendant filed a petition to strike and rescind the suspension. This petition was based upon the fact that the officer failed to forward his sworn report to the circuit court of Will County in compliance with section 11--501.1(f) of the Code. 625 ILCS 5/11--501.1(f) (West 2004). The circuit court granted defendant's petition. The State appeals.

ANALYSIS

The sole issue on appeal is whether the circuit court properly granted defendant's petition. To resolve this issue, we must interpret section 11--501.1(f) of the Code. 625 ILCS 5/11--501.1(f) (West 2004). Statutory construction is a matter of law

2

and, therefore, our standard of review is *de novo*.  *People v. Phelps*, 211 Ill. 2d 1, 809 N.E.2d 1214 (2004).

Section 11--501.1 states, in pertinent part, as follows:

"(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, subject to the provisions of Section 11-501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds or any combination thereof in the person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11-501 or a similar provision of a local ordinance.  The test or tests shall be administered at the direction of the arresting officer. ***

***

(d) If the person refuses testing or submits to a test that discloses an alcohol concentration of 0.08 or more, or any amount of a drug, substance, or intoxicating compound in the person's breath, blood, or urine resulting from the unlawful use or consumption of cannabis listed in the Cannabis

3

Control Act, a controlled substance listed in the Illinois Controlled Substances Act, or an intoxicating compound listed in the Use of Intoxicating Compounds Act, the law enforcement officer shall immediately submit a sworn report to the circuit court of venue and the Secretary of State, certifying that the test or tests was or were requested under paragraph (a) and the person refused to submit to a test, or tests, or submitted to testing that disclosed an alcohol concentration of 0.08 or more.

*** 

(f) *** In cases where *** any amount of a drug, substance, or compound resulting from the unlawful use or consumption of cannabis as covered by the Cannabis Control Act, a controlled substance listed in the Illinois Controlled Substances Act, or an intoxicating compound listed in the Use of Intoxicating Compounds Act is established by a subsequent analysis of blood or urine collected at the time of arrest, the arresting officer or arresting agency shall give notice as provided in this Section or by deposit in the United States mail of the notice in an envelope with postage prepaid and addressed to the person at his address as shown on the Uniform Traffic Ticket and the

4

statutory summary suspension shall begin as provided in paragraph (g). *** The officer shall immediately forward the driver's license or permit to the circuit court of venue along with the sworn report provided for in paragraph (d)."  625 ILCS 5/11--501.1 (West 2004).

The trial court's order states that it granted defendant's petition "due to the failure to file the sworn report with the clerk of the court."  Defendant maintains that the trial court acted properly in that section 11--501.1(f) of the Code unequivocally and clearly directs the officer to forward to the circuit court the sworn report once it has been completed.  625 ILCS 5/11--501.1(f) (West 2004).  Therefore, defendant continues, after the court took notice that the sworn report was not filed with the court, its only option was to strike and rescind defendant's statutory summary suspension.

The State disagrees.  The State admits that the officer failed to send a copy of the sworn report to the circuit court as directed by the statute.  However, the State notes that the statute is silent as to the proper remedy available in such an instance.  The State suggests that failing to send a copy of the sworn report to the circuit court can be cured by later tendering a copy of the report to the court.  The State suggests that allowing a defendant to escape the statutory summary suspension called for in the Code as a result of a clerical error belies the

5

purpose and subverts the intent of the statute.  We agree and hold that the trial court erred in granting defendant's petition to strike and rescind his statutory summary suspension.

Neither party cites authority which directly addresses this issue.  However, the State draws our attention to *People v. Badoud*, in which the Illinois Supreme Court held that an officer's failure to fulfill every technical requirement of section 11--501.1 did not mandate the rescission of a defendant's statutory summary suspension.  *People v. Badoud*, 122 Ill. 2d 50, 521 N.E.2d 884 (1988).  The *Badoud* court dealt with a provision contained in section 11--501.1(d) of the Code which states that the arresting officer "shall immediately submit a sworn report" to the Secretary of State and circuit court after the arrested driver refuses or fails an appropriate sobriety test.  *Badoud*, 122 Ill. 2d at 53, citing Ill. Rev. Stat. 1985, ch. 95½, par. 11-501.1(d).  The officer in *Badoud* failed to properly swear to the report filed so there was technically no "sworn report" filed with the Secretary of State.  *Badoud*, 122 Ill. 2d at 56.  Some of the consolidated defendants in the *Badoud* case argued that the officer's technical violation of failing to properly swear to the report "ends the matter and necessitates dismissing the charges." *Badoud*, 122 Ill. 2d at 57.  In answering these arguments, the supreme court stated:

"[W]e conclude that the General Assembly

6

intended an officer's good-faith failure to initially swear to the report to be curable. This interpretation fosters the accomplishment of the legislation's obvious objective of protecting individuals using the roads in this State.

　　We next consider whether an initial failure to swear to the report must be corrected *before* the Secretary of State can enter the suspension. We conclude that this is not essential. ***

　　[W]e believe that the summary suspension provision should be liberally construed to accomplish the General Assembly's obvious purpose of fostering highway safety, and we believe that the legislative objective would be thwarted by holding void suspensions such as those occurring in the instant cases.  The most reasonable interpretation of the statutory scheme is that, while it permits a defendant to insist on having an unsworn report corrected, it does not permit him to escape responsibility for drunk driving by pointing to this technical deficiency in the completion of the officer's report."  (Emphasis in original.)  *Badoud*, 122 Ill. 2d at 59-60.

We find *Badoud* instructive on this issue and similarly

7

believe that the most reasonable interpretation of the statutory scheme is that failure of an officer to forward a copy of the sworn report to the circuit court is a technical deficiency which can be cured. The record is clear that both the defendant and the Secretary of State were provided a copy of the sworn report. The State is correct that the statute does not specifically identify a remedy available to a defendant when the officer fails to provide the circuit court the sworn report. To use our supreme court's words from *Badoud*, this statute simply does not permit a defendant to escape responsibility for driving under the influence of alcohol or drugs by pointing to a technical deficiency in the completion of an officer's duties. *Badoud*, 122 Ill. 2d at 60. Any other holding would thwart the General Assembly's obvious purpose of fostering highway safety. Having received a copy of the report himself, this defendant was not prejudiced in any way by the officer's failure to forward a copy to the court. The supreme court stated in *Badoud* that the statute gives defendant the right to have an unsworn report properly attested to, but, to paraphrase, does not allow a defendant to engage in a game of technical "gotcha" to avoid the statutory summary suspension. *Badoud*, 122 Ill. 2d at 60. Similarly, we hold in this instance that the statute permits a defendant to have a copy of the sworn report forwarded to the circuit court, but an officer's initial failure to do so does not mandate rescission of the statutory summary suspension.

8

CONCLUSION

For the foregoing reasons, we hold that the circuit court erred in granting defendant's petition to strike and rescind his statutory summary suspension.  Therefore, the judgment of the circuit court of Will County is reversed and this case remanded.

Reversed and remanded.

BARRY and McDADE, JJ., concur.

9