No. 2--06--1134     Filed: 10-25-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--DT--4395 |
| RONALD M. MIZAUR, | ) ) | Honorable Bruce R. Kelsey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BYRNE delivered the opinion of the court:

The issue raised in this appeal is whether the hearing date delineated on a bail bond is considered the same as "the first appearance date on the Uniform Traffic Ticket," for purposes of section 2--118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2--118.1(b) (West 2006)). We determine that the date listed on a bail bond is synonymous with "the first appearance date on the Uniform Traffic Ticket."

On September 27, 2006, defendant, Ronald M. Mizaur, was charged by complaint with driving while under the influence of alcohol (DUI) (625 ILCS 5/11--501(a)(2) (West 2006)). Defendant was also ticketed for speeding (625 ILCS 5/11--601(b) (West 2006)) and improper lane usage (625 ILCS 5/11--709 (West 2006)). The tickets provided that the clerk of the circuit court would notify defendant about his court date. The bail bond issued to defendant for all of the

violations indicated that defendant was required to appear in court on November 1, 2006, and answer the charges against him.

Because defendant refused to submit to chemical testing to determine his blood alcohol concentration, his driving privileges were summarily suspended (625 ILCS 5/11--501.1(d), (e) (West 2006)). Defendant petitioned to rescind his summary suspension on September 28, 2006. A hearing on defendant's petition was not conducted within the next 30 days. Rather, on November 1, 2006, 34 days after defendant filed his petition to rescind, defendant orally moved to rescind his summary suspension because he was not afforded a hearing within 30 days after he filed his petition to rescind. The trial court denied the motion, finding that the November 1, 2006, hearing date was timely pursuant to section 2--118.1(b) of the Code, because November 1, 2006, was the first appearance date. After a hearing on the merits, the trial court denied defendant's petition to rescind his summary suspension, and defendant timely appealed.

Resolving the issue raised on appeal necessarily begins with examining section 2--118.1(b) of the Code. Section 2--118.1(b) of the Code provides:

"Within 90 days after the notice of statutory summary suspension served under Section 11--501.1 [625 ILCS 5/11--501.1 (West 2006)], the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11--501 [625 ILCS 5/11--501 (West 2006)], or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing,

request, or process shall not stay or delay the statutory summary suspension. The hearings shall proceed in the court in the same manner as in other civil proceedings." 625 ILCS 5/2--118.1(b) (West 2006).

In interpreting section 2--118.1(b) of the Code, we must ascertain and give effect to the legislature's intent. People v. Bywater, 223 Ill. 2d 477, 481 (2006). The best indication of the legislature's intent is the language used in the statute, which must be given its plain and ordinary meaning. People v. McClure, 218 Ill. 2d 375, 382 (2006). Ordinarily, when the statutory language is unambiguous, courts must construe the statute as written, without resorting to other aids of construction. Bywater, 223 Ill. 2d at 481. However, "the courts must construe the acts to reflect the obvious intent of the legislature even if the words of a particular section must be read as modified or altered so as to comport with the legislative intent." People v. Ring, 41 Ill. 2d 305, 313 (1968). Courts must construe the statute as a whole, bearing in mind the subject that the statute addresses and the legislature's apparent objective in enacting it. Bywater, 223 Ill. 2d at 481-82.

"The overall purpose of the legislature in enacting the summary suspension scheme was to protect those who travel on our highways and assist in the determination [of] whether motor vehicle drivers suspected of intoxication are in fact under the influence of alcohol." People v. Doty, 164 Ill. App. 3d 53, 56 (1987). In order to meet that purpose, "Illinois courts have consistently held that section 11--501.1 [and related provisions] should be liberally construed." Doty, 164 Ill. App. 3d at 56. We review the construction of a statute de novo. People v. Montoya, 373 Ill. App. 3d 78, 81 (2007).

Here, although the plain language of section 2--118.1(b) of the Code specifically provides that a defendant is afforded a timely hearing if he is given a hearing on the first appearance date listed on

the Uniform Traffic Ticket, we cannot conclude that the first appearance date may appear only on the traffic ticket. As noted, the legislature enacted section 2--118.1(b) of the Code to promote highway safety. People v. Dominguez, 367 Ill. App. 3d 171, 174-75 (2006). That objective would be thwarted if we were to construe section 2--118.1(b) as providing that the first appearance date may appear only on the defendant's traffic ticket. Indeed, a defendant could escape responsibility for drunk driving merely because his first appearance date appears only on his bail bond. See Dominguez, 367 Ill. App. 3d at 175. Courts have repeatedly criticized rescissions based on such technicalities, especially because courts are to liberally construe section 2--118.1(b). See Dominguez, 367 Ill. App. 3d at 174-75.

We addressed the same issue in People v. Grange, 181 Ill. App. 3d 981 (1989), overruled on other grounds by People v. Schaefer, 154 Ill. 2d 250 (1993). In Grange, the defendant was arrested for DUI on January 28, 1988, and charged by verified complaint. Grange, 181 Ill. App. 3d at 982. The defendant's driving privileges were subsequently suspended, and he petitioned to rescind the suspension on February 3, 1988. In his petition, the defendant requested a hearing date of March 4, 1988, which the defendant believed was his arraignment date. In actuality, the defendant's arraignment date was March 7, 1988. On March 7, 1988, the defendant moved to dismiss his suspension, claiming that he was not given a hearing within 30 days of filing his petition. The trial court granted the defendant's motion to dismiss, and the State appealed. Grange, 181 Ill. App. 3d at 982-83.

We reversed. Grange, 181 Ill. App. 3d at 983. We determined that, because the State was ready to proceed on the defendant's petition to rescind on the first appearance date--the March 7, 1988, arraignment date--the defendant was afforded a timely hearing, as a hearing on a petition to

rescind must take place within 30 days of either the filing of a petition or the first appearance date. Grange, 181 Ill. App. 3d at 984-85. In reaching that conclusion, we observed that the defendant's first appearance date did not appear on any of the traffic tickets that the defendant was issued. Grange, 181 Ill. App. 3d at 985. Rather, the first appearance date was listed on the defendant's bail bond. Grange, 181 Ill. App. 3d at 985. That fact did not change our holding, because the issuance of a traffic ticket is discretionary, not mandatory, and the mere reference to a "Uniform Traffic Ticket" in section 2--118.1(b) of the Code does not "require that the first appearance date appear on a uniform traffic ticket before the [trial] court is allowed the discretion to conduct a rescission hearing on the first appearance date." Grange, 181 Ill. App. 3d at 985.

Defendant argues that Grange is not controlling because our supreme court overruled Grange in Schaefer. However, as the State observes, Schaefer overruled Grange on a point irrelevant to this appeal. In Grange, we exercised our discretion to address an issue that the State did not raise and concluded that, as an additional ground to reverse the trial court, requesting a hearing on a petition to rescind requires the defendant to do more than just file the petition. Grange, 181 Ill. App. 3d at 986. Our supreme court overruled on this ground in Schaefer, holding that, to request a hearing on a petition to rescind, a defendant need not do anything more than file the petition with the clerk of the circuit court and serve notice of the petition on the State. Schaefer, 154 Ill. 2d at 264.

Citing People v. Rodriguez, 251 Ill. App. 3d 521 (1993), and People v. Harris, 222 Ill. App. 3d 1089 (1991), defendant also contends that Grange should not be followed because "[c]ourts should not read a statute as to encompass other forms of charging instruments which are specifically excluded." To be sure, the statute at issue in Rodriguez and Harris, section 114--4(e) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 114--4(e)), mentions only

indictments and informations, and courts have determined that the statute excludes other charging instruments. See, e.g., Rodriguez, 251 Ill. App. 3d at 523 (section 114--4(e) applies only to indictments and informations, not to criminal complaints and uniform traffic tickets). Here, however, section 2--118.1(b) of the Code cannot be construed so technically. In light of the liberal construction that we must give to that section, we deem irrelevant any construction of section 114--4(e).

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

O'MALLEY and GILLERAN JOHNSON, JJ., concur.