THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES E. MADDEN, Defendant-Appellant.

Third District    No. 3—94—0876

Opinion filed June 30, 1995.

Ted P. Hammel, of Hammel Law Offices, P.C., of Joliet, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant James E. Madden appeals from the denial of his petition to rescind the summary suspension of his driving privileges. The defendant's sole argument is that his statutory summary suspension should have been rescinded because the cause was not heard within 30 days of the filing of his original petition to rescind. We reverse.

On September 3, 1994, the defendant was arrested for driving under the influence of alcohol (625 ILCS 5/11—501 (West 1992)). The arresting officer served the defendant with notice of the summary suspension of his driving privileges for his refusal to submit to a breathalyzer test. (See 625 ILCS 5/11—501.1(f) (West 1992).) The suspension was to take effect on October 19, 1994, the 46th day after notice of suspension was given to the defendant. 625 ILCS 5/11—501.1(g) (West 1992).

On September 30, 1994, the defendant filed a petition to rescind the summary suspension. (See 625 ILCS 5/2—118.1(b) (West 1992).) A hearing date was set for October 20, 1994. At the hearing, both the

prosecutor and defense counsel informed the trial court that the defendant's driver's abstract did not indicate that any statutory summary suspension was pending. The trial court concluded that the cause was not ripe and dismissed the defendant's petition with leave to reinstate.

On November 5, 1994, the defendant received a confirmation notice from the Secretary of State's office (Secretary) indicating that his driving privileges were to be suspended from October 19, 1994, through April 19, 1995.

On November 18, 1994, the defendant moved to reinstate his petition to rescind the summary suspension. That motion was granted. The defendant then immediately moved to dismiss his summary suspension because more than 30 days had passed from the date upon which the petition had been initially filed. The trial court denied that motion. On November 23, 1994, the defendant filed a motion to reconsider which was also denied.

On December 2, 1994, a hearing was held on the defendant's petition to rescind the summary suspension. Following the presentation of witnesses and arguments by counsel, the defendant's petition to rescind was denied.

The defendant argues that once a petition to rescind a summary suspension is filed, the court must hold a hearing within 30 days (625 ILCS 5/2—118.1 (West 1992)), unless the delay is occasioned by the defendant (*People v. Schaefer* (1993), 154 Ill. 2d 250, 609 N.E.2d 329).

The State contends that the delay here was attributable to the defendant because defendant did not object to the trial court's dismissal of his petition. However, based upon our review of the record, it appears that any delay was the result of inaction by the Secretary's office rather than by the defendant. The record shows that the defendant acted promptly. He was arrested on September 3, 1994. On September 30, 1994, he filed a petition seeking to rescind the summary suspension, and a hearing was set for October 20, 1994.

The Secretary's office was not so prompt. The defendant was arrested on September 3, 1994. More than 45 days later, at the October 20, 1994, hearing, the defendant's driver's abstract had apparently still not been updated to show the summary suspension.

Despite the fact that the defendant's suspension was due to take effect on October 19, 1994, there is nothing in the record to indicate that the Secretary's office sent the court or the defendant the statutorily required confirmation of suspension (625 ILCS 5/11—501.1(h) (West 1992)) until November. Obviously, processing the suspension will necessitate some delay between the arrest and the confirmation of suspension. (See, *e.g.*, *People v. Rotkvich* (1993), 256

Ill. App. 3d 124, 628 N.E.2d 888 (defendant arrested August 2, 1992, and suspension confirmed August 18, 1992); *People v. Engelbrecht* (1992), 225 Ill. App. 3d 550, 588 N.E.2d 452 (defendant arrested May 25, 1990, and suspension confirmed June 8, 1990); *People v. Gafford* (1991), 218 Ill. App. 3d 492, 578 N.E.2d 583 (defendant arrested January 19, 1990, and suspension confirmed February 2, 1990); *People v. Allen* (1991), 217 Ill. App. 3d 740, 577 N.E.2d 913 (defendant arrested December 25, 1989, and suspension confirmed January 5, 1990).)

A suspension may not be rescinded until it has been confirmed. Here, the Secretary did not confirm the suspension within 30 days of the defendant's filing of his petition to rescind. Had notice of the confirmation of suspension been sent to the court in a more seasonable manner, the question of ripeness would never have arisen and a timely hearing would have been held. The delay in holding the hearing on the petition to rescind is attributable to the State. Therefore, the defendant's summary suspension must be rescinded.

Accordingly, the judgment of the circuit court of Will County is reversed.

Reversed.

McCUSKEY and SLATER, JJ., concur.