THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GARY S. FITTERER, Defendant-Appellee.

Second District No. 2—00—0088

Opinion filed June 5, 2001.

Meg Gorecki, State's Attorney, of St. Charles (Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Glenn M. Sowa, of Law Offices of Donahue, Sowa, Bugos & Brown, of Geneva, for appellee.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Gary S. Fitterer, was arrested and charged with, *inter alia*, driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 1998)). In addition, under section 11—501.1 of the Illinois Vehicle Code (the Code) (625 ILCS 5/11—501.1 (West 1998)), he was given notice that his driving privileges would be summarily suspended. He petitioned to rescind the summary suspension. See 625 ILCS 5/2—118.1(b) (West 1998). Ultimately, the trial court granted that petition, ruling that defendant had not received a timely hearing. See 625 ILCS 5/2—118.1(b) (West 1998). The State appeals, arguing that the court granted the petition before the deadline for a hearing had passed. We affirm.

On August 14, 1999, defendant was arrested. He submitted to a

chemical test, but the arresting officer did not immediately obtain the results. Nevertheless, the officer gave defendant a notice of summary suspension. See 625 ILCS 5/11—501.1(f) (West 1998). The notice stated that the suspension would "take effect on the 46th day following issuance of this notice." See 625 ILCS 5/11—501.1(g) (West 1998). However, because the officer had not obtained the results of the chemical test, the notice did not state the basis for the suspension. For the same reason, the officer did not submit to the trial court or the Secretary of State (Secretary) a sworn report of the results of the test. See 625 ILCS 5/11—501.1(d) (West 1998).

On September 22, 1999, defendant petitioned to rescind the suspension. On September 28, the State moved to schedule a timely hearing on the petition. On October 1, at a hearing on the State's motion, the trial court found that the record indicated no pending suspension. Therefore, the court struck defendant's petition but granted him leave to reinstate it.

On October 12, 1999, the arresting officer served on defendant a new notice of summary suspension. That notice stated that defendant's chemical test had revealed an alcohol concentration of 0.204. The notice stated further that the suspension would "take effect on the 46th day following issuance of this notice." The officer submitted a sworn report to the trial court and the Secretary. On October 25, the Secretary confirmed that the suspension would take effect on November 27, the forty-sixth day after October 12. See 625 ILCS 5/11—501.1(h) (West 1998).

On November 4, 1999, defendant reinstated his petition to rescind. On November 30, the trial court granted the petition. Relying on *People v. Madden*, 273 Ill. App. 3d 114 (1995), the court concluded that defendant had been entitled to a hearing by October 22, the thirtieth day after the petition's original filing date. The court denied the State's motion for reconsideration, and the State timely appeals.

■ When a defendant is arrested for DUI, the arresting officer may request that she or he submit to a chemical test. 625 ILCS 5/11—501.1(a) (West 1998). If the defendant refuses testing or the test reveals an alcohol concentration of 0.08 or more, the officer must give the defendant a notice of summary suspension. 625 ILCS 5/11—501.1(d), (f) (West 1998). The officer must also submit, to the Secretary and the circuit court of venue, a sworn report detailing the results of the test or the defendant's refusal to take it. 625 ILCS 5/11—501.1(d) (West 1998). Upon receiving that report, the Secretary must confirm the effective date of the suspension. 625 ILCS 5/11—501.1(h) (West 1998).

■ Within 90 days after being served with a notice of summary

suspension, a defendant may petition the trial court to rescind the suspension. 625 ILCS 5/2—118.1(b) (West 1998). If the defendant files such a petition, the State must ensure that the petition is heard within 30 days. 625 ILCS 5/2—118.1(b) (West 1998); *People v. Schaefer*, 154 Ill. 2d 250, 261 (1993). Indeed, " 'to comply with due process requirements, the hearing *** must be held within the 30 days *unless delay is occasioned by the defendant*, and failure to do so will require rescission of the suspension.' (Emphasis added.)" *Schaefer*, 154 Ill. 2d at 262, quoting *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987); see U.S. Const., amend. XIV.

Here, the State argues that the 30-day period began no earlier than November 4, 1999, when defendant reinstated his petition. Therefore, the State concludes, the trial court granted the petition before the period had expired. Defendant maintains that the period began on September 22, when he originally filed his petition. Because this issue involves statutory construction, our review is *de novo*. See *Village of Mundelein v. Franco*, 317 Ill. App. 3d 512, 517 (2000).

As the trial court did, we find *Madden* instructive. In *Madden*, the defendant was arrested and served with a notice of summary suspension on September 3, 1994. On September 30, he filed a petition to rescind. On October 20, the trial court found that no suspension was pending and dismissed the petition with leave to reinstate. On November 5, the Secretary confirmed the suspension. On November 18, the defendant reinstated his petition and argued that 30 days had passed since his original filing. The trial court denied the petition, and the defendant appealed.

The Appellate Court, Third District, reversed, concluding that the defendant had not received a timely hearing:

"A suspension may not be rescinded until it has been confirmed. Here, the Secretary did not confirm the suspension within 30 days of the defendant's filing of his petition to rescind. Had notice of the confirmation of suspension been sent to the court in a more seasonable manner, *** a timely hearing would have been held. The delay in holding the hearing on the petition to rescind is attributable to the State. Therefore, the defendant's summary suspension must be rescinded." *Madden*, 273 Ill. App. 3d at 116.

The State contends that *Madden* is distinguishable because here defendant received *two* notices of summary suspension, the first of which was invalid. According to the State, after the arresting officer issued the August 14 notice, he essentially abandoned it. He did not submit the sworn report to the trial court or the Secretary, and thus the Secretary never confirmed the suspension. The State concludes that the August 14 notice was a "nullity" that did not begin the

suspension procedure. According to the State, only the October 12 notice was effective, and only defendant's reinstated petition could have started the 30-day period.

■ The State misunderstands the protocol for summary suspensions. Under section 11—501.1(g) of the Code (625 ILCS 5/11—501.1(g) (West 1998)), "a summary suspension starts 46 days after the officer serves the motorist with notice that the motorist's license is to be suspended." *People v. Eidel*, 319 Ill. App. 3d 496, 503 (2001). Furthermore, the provision is "self-executing." *Eidel*, 319 Ill. App. 3d at 503. Thus, regardless whether the arresting officer submits the sworn report or the Secretary confirms the suspension, the statute "ties the 46-day waiting period only to the arresting officer's issuance of the original on-the-scene notice." *Eidel*, 319 Ill. App. 3d at 503.

■ On August 14, defendant received a notice of summary suspension. The notice stated that the suspension would take effect in 46 days, or on September 29. The arresting officer did not proceed on that notice, likely because he realized that he should not have issued it before obtaining the results of defendant's chemical test. Nevertheless, when the officer issued the notice, he effectively began the suspension procedure. Indeed, the October 12 notice was the invalid one, insofar as it purported to provide advance notice of a suspension that had already occurred by operation of law.

The result is that *Madden* controls. After he received the valid August 14 notice, defendant promptly filed his petition to rescind. The 30-day period began, entitling defendant to a hearing by October 22. No such hearing occurred, however, because the record did not timely reflect a pending suspension. The delay was attributable to the arresting officer, not the Secretary, but the crucial point is that it was not occasioned by defendant. Therefore, in accordance with " 'due process requirements,' " the trial court properly rescinded defendant's summary suspension. *Schaefer*, 154 Ill. 2d at 262, quoting *Trainor*, 156 Ill. App. 3d at 923.

For these reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

BOWMAN and O'MALLEY, JJ., concur.