# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Moreland*, 2011 IL App (2d) 100699

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. BENNY MORELAND, Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-10-0699 |
| Filed | August 8, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court properly rescinded the statutory summary suspension of defendant's driver's license where he was not afforded a hearing within 30 days after he filed his petition to rescind, despite the State's argument that the 30-day period did not begin to run until the suspension was confirmed by the Secretary of State. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 10-DT-1736; the Hon. Cary B. Pierce, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, and Lawrence M. Bauer and Kristin M. Schwind, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Stephen J. Klein, of Ramsell & Associates, LLC, of Wheaton, for appellee.

Panel

JUSTICE BURKE delivered the judgment of the court, with opinion.

Justices Schostok and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1 At issue in this appeal is whether the 30 days in which a defendant is entitled to a hearing on a petition to rescind the statutory summary suspension of his driving privileges begins to run before the Secretary of State has confirmed the suspension. The trial court found that it does. For the reasons that follow, we affirm.

¶ 2 The facts relevant to resolving this appeal are as follows. On Saturday, May 1, 2010, defendant was observed driving erratically. A subsequent Breathalyzer test confirmed that defendant was driving while under the influence of alcohol (DUI) (see generally 625 ILCS 5/11-501 (West 2008)). As a result, the arresting officer immediately served defendant with the officer's sworn report. On that sworn report, defendant was advised that his driving privileges would be suspended 46 days after the sworn report was given to him and that he had a right to a hearing to contest the suspension. The sworn report indicated that, if defendant wished to contest the suspension, he had to file a petition to rescind the suspension within 90 days after the officer served defendant with the sworn report.

¶ 3 On Tuesday, May 4, 2010, defendant filed a petition to rescind the suspension of his driving privileges, giving notice of the petition to the State. On the first scheduled court date, which was May 21, 2010, defendant pointed out to the court that he did not see in the court file or in the Du Page Unified Court System a confirmation of the suspension. The State agreed. When defendant indicated that he was ready to proceed on his petition to rescind, the court questioned whether it could when the Secretary had not confirmed the suspension. That is, whether without a confirmation from the Secretary, there was a suspension to rescind. After the court continued the matter over defendant's objection and advised defendant that the 30 days in which he was entitled to a hearing on his petition would not be tolled, the court reassessed the procedural posture of the case and struck the petition over defendant's objection.

¶ 4 Three days later, on May 24, 2010, the Secretary filed with the court the confirmation of

the statutory summary suspension of defendant's driving privileges. On June 4, 2010, 31 days after defendant filed his petition, defendant moved to rescind the suspension, arguing that he was not afforded a hearing within 30 days after filing his petition. On June 7, 2010, defendant moved to reinstate his petition, and the trial court granted that motion. The court then reluctantly granted defendant's petition to rescind, noting that defendant was not afforded a hearing within 30 days after he filed his petition and that the delay in holding the hearing was not attributable to him. This timely appeal followed.

¶ 5      At issue in this appeal is whether defendant, who was not afforded a hearing within 30 days after filing his petition, is entitled to a rescission of the statutory summary suspension of his driving privileges when he petitioned to rescind the suspension before the Secretary had confirmed the suspension. Because this issue concerns a question of law, our review is *de novo. People v. Brown*, 374 Ill. App. 3d 385, 387 (2007).

¶ 6      Resolving the issue raised necessarily begins with examining section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West 2008)), which provides:

> "Within 90 days after the notice of statutory summary suspension served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11-501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction."

¶ 7      In interpreting section 2-118.1(b) of the Code, we must ascertain and give effect to the legislature's intent. *People v. Bywater*, 223 Ill. 2d 477, 481 (2006). The best indication of the legislature's intent is the language used in the statute, which must be given its plain and ordinary meaning. *People v. McClure*, 218 Ill. 2d 375, 382 (2006). When the statutory language is unambiguous, courts must construe the statute as written, without resorting to other aids of construction. *Bywater*, 223 Ill. 2d at 481. Courts must construe the statute as a whole, bearing in mind the subject that the statute addresses and the legislature's apparent objective in enacting it. *Id*. at 481-82. Nevertheless, in so doing, a court should not read into the statute exceptions, limitations, or conditions that the legislature did not provide. *McClure*, 218 Ill. 2d at 382.

¶ 8      Section 2-118.1(b) of the Code is unambiguous. *Id*. at 388. It provides that a defendant "shall" be given a hearing on his petition to rescind within 30 days after the petition is received. The word "shall" conveys that the legislature intended to impose a mandatory obligation. *Id*. at 382. That obligation is fulfilled when the defendant has a hearing on his petition to rescind within 30 days after it is filed in the circuit court, with service on the State. See *Bywater*, 223 Ill. 2d at 486. Here, defendant was not given a hearing by June 3, 2010, which was 30 days after he filed his petition. Thus, the statutory summary suspension of defendant's driving privileges must be rescinded. See *People v. Schaefer*, 154 Ill. 2d 250, 262 (1993).

¶ 9      Although we determine that defendant is entitled to the rescission of the suspension because he was not given a hearing within 30 days after filing his petition, we agree with the

trial court that, without a confirmation of the suspension, there is not a suspension for the trial court to rescind. See *People v. Madden*, 273 Ill. App. 3d 114, 116 (1995) ("A suspension may not be rescinded until it has been confirmed."). However, nowhere in section 2-118.1(b) of the Code does it indicate that the 30-day period begins with the Secretary's confirmation. If we were to read this into section 2-118.1(b) of the Code, we would violate the rules of statutory construction that specifically prohibit us from doing so. Any change in the law that would mandate that the 30-day period does not begin until the Secretary confirms the suspension must come from the legislature, not the courts. See *Floyd v. Rockford Park District*, 355 Ill. App. 3d 695, 705 (2005) ("Any change in the status of the law must come from the legislature and not the courts.").

¶ 10    That said, we note that courts have carved out an exception to the automatic rescission of the statutory summary suspension of a defendant's driving privileges if the defendant is not given a hearing within 30 days after filing a petition to rescind. Pursuant to that exception, a defendant is not entitled to a rescission if the defendant caused the hearing to be delayed. See *Schaefer*, 154 Ill. 2d at 270; *People v. Lagowski*, 273 Ill. App. 3d 1012, 1016 (1995). Here, defendant acted promptly in challenging the suspension. The fact that the Secretary confirmed the suspension only three days after defendant's petition was stricken did not obligate defendant to move to reinstate his petition at that time. Requiring defendant to move to reinstate the petition immediately after the Secretary confirmed his suspension would also be reading into section 2-118.1(b) conditions that the legislature did not provide.

¶ 11    The State, likening section 2-118.1(b) of the Code to the speedy-trial provisions of the Code of Criminal Procedure of 1963 (see 725 ILCS 5/103-5 (West 2008)), claims that the 30-day period should be tolled when there is no petition pending before the trial court, *i.e.*, when the petition has been stricken because the Secretary has not confirmed the suspension. The State's argument is premised on *People v. Cosenza*, 215 Ill. 2d 308, 315-16 (2005), where our supreme court compared the 30-day limit in section 2-118.1(b) to the speedy-trial provisions in the Code of Criminal Procedure, and *People v. O'Malley*, 108 Ill. App. 3d 823, 827 (1982), where the court observed that "[t]he speedy-trial term only runs when charges are pending against the defendant." The problem with accepting the State's position is that this court has found, in the speedy-trial context, that "[t]he speedy trial statute is not tolled by the striking of a charge with leave to reinstate and the charge must be dismissed on motion by defendant if more than the amount of time allowed by statute passes and none of the delay is attributable to defendant." *People v. Rodgers*, 106 Ill. App. 3d 741, 745 (1982). Here, defendant's petition clearly was stricken with leave to reinstate once the Secretary filed the confirmation, and, as noted, none of the delay in holding a hearing on the petition was attributable to defendant. Thus, this case falls under *Rodgers*, and the 30-day period in which defendant was entitled to a hearing on his petition to rescind was not tolled when the trial court struck the petition.

¶ 12    The State also urges this court to reverse the trial court's ruling because not doing so will encourage defendants to manipulate the process for rescission hearings. This is true only if trial courts allow it. That is, it is not incumbent upon a trial court to dismiss or strike a petition if a confirmation from the Secretary is not on file. Indeed, because a defendant need not wait for the confirmation before filing his petition, the court would have no basis to

dismiss or strike it. If a defendant files a petition before the Secretary confirms the suspension, the trial court should simply continue the hearing to a date 30 days after the petition is filed. On that hearing date, if the Secretary has not confirmed the suspension, the suspension will be rescinded per *Madden*. However, if the Secretary has confirmed the suspension, the defendant will receive the prompt hearing to which he is entitled under section 2-118.1(b).

¶ 13 As an aside, we would be remiss if we did not point out that the Secretary's 23-day delay in confirming defendant's suspension, which confirmation was made only 20 days after defendant filed his petition, was nowhere near as long as in other cases involving a similar issue. See *People v. Fitterer*, 322 Ill. App. 3d 820, 821-24 (2001) (Secretary confirmed the defendant's suspension 72 days after the defendant's arrest and 33 days after the defendant filed his petition to rescind); *Madden*, 273 Ill. App. 3d at 114-16 (confirmation given 63 days after the defendant's arrest and 36 days after the defendant filed his petition to rescind). However, although factual differences exist between this case and *Fitterer* and *Madden*, we determine, given the language of section 2-118.1(b), that the same result is warranted. Accordingly, we affirm the trial court's order rescinding the statutory summary suspension of defendant's driving privileges.

¶ 14 For these reasons, the judgment of the circuit court of Du Page County is affirmed.

¶ 15 Affirmed.