2016 IL App (1st) 151799

SIXTH DIVISION
Opinion filed:  May 20, 2016

No. 1-15-1799

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. YB429483 |
| | ) | |
| MARIO GUILLERMO, | ) | Honorable |
| | ) | Richard Schwind, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Delort concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Mario Guillermo, appeals the circuit court's order denying his petition to rescind the statutory summary suspension of his driving privileges filed pursuant to section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West 2014)).  On appeal, the defendant argues that:  (1) the circuit court lacked subject matter jurisdiction; (2) the court erred by holding a hearing on his petition to rescind because the matter was not ripe for adjudication; and (3) the hearing on his petition to rescind was untimely because it took place more than 30 days after he filed the petition.  For the reasons that follow, we affirm.

¶ 2    The facts relevant to resolving this appeal are as follows. On January 3, 2015, the defendant was arrested for driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2014)). According to the arresting officer's sworn report, the defendant was served with "immediate Notice of Summary Suspension/Revocation of driving privileges" because he "refused to submit to or failed to complete testing." In bold print, the notice stated that the defendant's driving privileges would be summarily suspended "on the 46th day following issuance of this notice" and that he had a right to a hearing to contest the suspension. The notice also stated that, if the defendant wished to contest the suspension, he had to file a petition to rescind the suspension within 90 days after the officer served him with the notice.

¶ 3    At the first scheduled court hearing, on January 15, 2015, the defendant filed a petition to rescind the suspension of his driving privileges. On February 6, the defendant and the State agreed to continue the matter to February 13. On February 13, the court continued the matter because the Secretary of State had not filed a confirmation of suspension with the court as required under section 11-501.1(h) of the Code (625 ILCS 5/11-501.1(h) (West 2014)).

¶ 4    At the next scheduled hearing date of February 18, 2015, both the State and the defendant appeared and answered ready. However, before any witnesses were sworn, the defendant moved to rescind the suspension, arguing that he had not been afforded a hearing within the 30-day period as set forth in section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2014)). The defendant asserted that his petition was filed 33 days earlier, on January 15, 2015. The court denied the motion, noting that the defendant agreed to continue the matter from February 6 to February 13, and any delay in holding the hearing was, therefore, attributable to him.

¶ 5    After the circuit court denied the defendant's motion, the defendant pointed out that the Secretary of State had not filed a confirmation of suspension with the court. He asserted that the

court did not have subject matter jurisdiction to hold a hearing on his petition because, without a confirmation from the Secretary of State, there was no suspension for the court to rescind and the matter was not ripe for adjudication. The court disagreed, and the matter proceeded to a hearing. Following the presentation of witnesses and arguments by counsel, the defendant's petition to rescind was denied.

¶ 6     Thereafter, the Secretary of State filed with the court a "confirmation of statutory summary suspension" which confirmed that the defendant's "Illinois driver's license *** and [his] privilege to operate a motor vehicle or to obtain a driver's license in Illinois are suspended on the date shown above." The date shown above states: "12:01 a.m. on 02-18-15." The confirmation letter is undated and contains no file stamp.

¶ 7     On March 20, 2015, the defendant filed a motion to reconsider the denial of his petition to rescind, which the circuit court denied. This appeal followed.

¶ 8     We first address the defendant's contention that the circuit court lacked subject matter jurisdiction. Subject matter jurisdiction refers to the power of a court "to hear and determine cases of the general class to which the proceeding in question belongs. [Citations]." (Internal quotation marks omitted.) *People v. Castleberry*, 2015 IL 116916, ¶ 12. Generally speaking,

> "[t]o invoke a circuit court's subject matter jurisdiction, a petition or complaint need only 'alleg[e] the existence of a justiciable matter.' [Citation.] Indeed, even a defectively stated claim is sufficient to invoke the court's subject matter jurisdiction, as '[s]ubject matter jurisdiction does not depend upon the legal sufficiency of the pleadings.' [Citation.] In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court has the inherent power to hear and determine. If it does, then subject matter

jurisdiction is present." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d 295, 301 (2010).

¶ 9 Here, the defendant filed a petition pursuant to section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2014)), seeking to rescind the statutory summary suspension of his driving privileges. The defendant's petition clearly alleged the existence of a justiciable matter and the circuit court had inherent power to hear and determine whether the defendant was entitled to rescind the summary suspension of his driving privileges. See *People v. Keegan*, 334 Ill. App. 3d 1061, 1065 (2002) (a petition to rescind presents a justiciable matter over which the circuit court has original subject matter jurisdiction). Thus, the defendant's claim that the circuit court lacked subject matter jurisdiction is without merit.

¶ 10 The defendant next contends that the circuit court erred in holding a hearing on his petition to rescind because the matter was not ripe for adjudication. He asserts that, under section 11-501.1(h) of the Code (625 ILCS 5/11-501.1(h) (West 2014)), the Secretary of State was required to confirm the effective date of the summary suspension of his driving privileges by mailing a notice to the court of venue. He maintains that, prior to the confirmation of suspension, the Secretary of State had done nothing to restrict his driving privileges and, as a result, there was no suspension for the court to rescind.

¶ 11 Before we begin our analysis, we will provide, as background, a short explanation of the statutory scheme that pertains to those who are arrested for driving under the influence of intoxicants. In Illinois, when a motorist is arrested for DUI, the arresting officer may request that he submit to a chemical test. 625 ILCS 5/11-501.1(a) (West 2014). If the defendant refuses to submit to chemical testing, tests above the legal alcohol concentration limit, or tests positive for an intoxicating substance, the officer must give the motorist a notice of summary suspension.

625 ILCS 5/11-501.1(d), (f) (West 2014). The officer must also submit a sworn report, detailing the results of the test or the motorist's refusal to take it, to both the Secretary of State and the circuit court of venue. 625 ILCS 5/11-501.1(d) (West 2014). The summary suspension of the motorist's driving privileges automatically takes effect on the 46th day after the officer serves the motorist with notice of the suspension. 625 ILCS 5/11-501.1(g) (West 2014); *People v. Eidel*, 319 Ill. App. 3d 496, 503 (2001) ("section 11-501.1(g) is a self-executing provision").

¶ 12 Section 11-501.1(h) of the Code provides that:

"Upon receipt of the sworn report from the law enforcement officer, the Secretary of State shall confirm the statutory summary suspension or revocation by mailing a notice of the effective date of the suspension or revocation to the [defendant] and the court of venue. *** However, should the sworn report be defective by not containing sufficient information or be completed in error, the confirmation of the statutory summary suspension or revocation shall not be mailed to the person or entered to the record; instead, the sworn report shall be forwarded to the court of venue with a copy returned to the issuing agency identifying any defect." 625 ILCS 5/11-501.1(h) (West 2014).

¶ 13 Although motorists arrested for DUI are immediately subject to the statutory summary suspension of their drivers' licenses, they are not left without recourse. Section 2-118.1(b) sets forth a comprehensive procedure for motorists who seek a rescission of the summary suspension of their drivers' licenses. 625 ILCS 5/2-118.1(b) (West 2014). Section 2-118.1(b) provides:

"Within 90 days after the notice of statutory summary suspension or revocation served under Section 11-501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall

state the grounds upon which the person seeks to have the statutory summary suspension or revocation rescinded. Within 30 days after receipt of the written request \*\*\*, the hearing shall be conducted by the circuit court having jurisdiction. This judicial hearing, request, or process shall not stay or delay the statutory summary suspension or revocation. The hearings shall proceed in the court in the same manner as in other civil proceedings." 625 ILCS 5/2-118.1(b) (West 2014).

¶ 14 Because section 2-118.1(b) mandates that the circuit court conduct a hearing within 30 days after a petition to rescind is filed, and because the actual suspension of driving privileges does not take effect until 46 days after the motorist is served with notice of the suspension, "the hearing can be either pre- or post-suspension, and the timeliness of the review depends largely upon the driver's diligence in filing a [petition to rescind]." *People v. Esposito*, 121 Ill. 2d 491, 507 (1988).

¶ 15 It is within this framework that we consider the defendant's argument that his petition to rescind was not ripe for adjudication. "A controversy is ripe when it has reached the point where the facts permit an intelligent and useful decision to be made." *People v. Ziltz*, 98 Ill. 2d 38, 42, (1983); see also *Preferred Personnel Services, Inc. v. Meltzer, Purtill & Stelle, LLC*, 387 Ill. App. 3d 933, 938 (2009) (ripeness is concerned with the fitness of the issue for judicial decision at a particular point in time). Whether an actual controversy exists and is ripe for adjudication is reviewed *de novo*. *National City Corp. & Subsidiaries v. Department of Revenue*, 366 Ill. App. 3d 37, 39 (2006).

¶ 16 In the case at bar, the defendant was arrested for DUI and immediately served with notice that his driving privileges would be summarily suspended for his failure to complete chemical

- 6 -

testing. Since the summary suspension is "self-executing" and automatically takes effect on the 46th day following issuance of the notice (*Eidel*, 319 Ill. App. 3d at 503), there was nothing hypothetical or abstract about the suspension which the defendant sought to have rescinded. The suspension faced by the defendant was real and imminent and there is no need to speculate as to the harm he would suffer once his suspension took effect. The defendant's petition to rescind did not ask the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. Rather, he sought to stop the suspension of his driving privileges from ever taking effect. The case was clearly ripe for a judicial determination as the circuit court could immediately determine the parties' rights. The absence of a confirmation of suspension is of no import, as it had no impact on the court's ability to grant effectual relief.

¶ 17  The defendant argues, however, that without a confirmation of suspension issued by the Secretary of State, there is no suspension to rescind. We disagree. As discussed above, section 11-501.1(g) is a self-executing provision under which a summary suspension automatically takes effect 46 days after the officer serves the motorist with notice that his or her license is to be suspended. By its confirmation, the Secretary of State was not *actually* suspending the defendant's driver's license; rather, it was merely attesting to the effective date of the suspension. See *People v. Morales*, 2015 IL App (1st) 131207, ¶ 23 ("The confirmation letter from the Secretary of State was only that: a letter of confirmation.").

¶ 18  Moreover, the defendant's argument that the circuit court must wait for a confirmation of suspension before holding a hearing on a petition to rescind, cannot be squared with the plain and unambiguous language of sections 2-118.1(b) and 11-501.1(h) of the Code. As stated above, section 2-118.1(b) mandates that a defendant be given a hearing on his petition to rescind within

30 days after it is filed in the circuit court. See *People v. Bywater*, 223 Ill. 2d 477, 486 (2006). Nowhere in section 2-118.1(b) does it state that the court must wait for the Secretary of State's confirmation. Similarly, while section 11-501.1(h) requires the Secretary of State to file a confirmation of suspension with the court of venue, it does not, on its face, indicate the amount of the time within which it must confirm the suspension. See *People v. O'Neil*, 329 Ill. App. 3d 213, 217 (2002). Because there is no requirement that the Secretary of State file a confirmation with the circuit court within a specific time period, we cannot conclude that the Secretary of State's failure to send a prompt confirmation of the suspension prevented the circuit court from holding a timely hearing on the defendant's petition to rescind. We could not hold otherwise without impermissibly reading into the Code conditions the legislature did not include. *People v. McClure*, 218 Ill. 2d 375, 382 (2006) (courts must enforce statutes as written and may not read into statutes exceptions, limitations, or conditions which the legislature did not express). In this case, the Secretary of State's failure to promptly file a confirmation with the circuit court amounts to a technical deficiency which was later cured. See *People v. Badoud*, 122 Ill. 2d 50, 60 (1988); *People v. Dominguez*, 367 Ill. App. 3d 171, 175 (2006) (the failure of an officer to forward a copy of the sworn report to the circuit court is a technical deficiency which can be cured).

¶ 19    In further support of his argument that a suspension may not be rescinded until it has been confirmed by the Secretary of State, the defendant cites to *People v. Madden*, 273 Ill. App. 3d 114 (1995), and *People v. Moreland*, 2011 IL App (2d) 100699. We are not persuaded.

¶ 20    In *Madden*, 273 Ill. App. 3d at 114, the defendant filed a petition to rescind his statutory summary suspension on September 30, 1994. At an October 20, 1994 hearing, the circuit court dismissed the petition on ripeness grounds, with leave to reinstate because the defendant's

driving abstract did not indicate that a summary suspension was pending. *Id*. at 114-15. Thereafter, the defendant received a confirmation from the Secretary of State. *Id*. at 115. He reinstated his petition and moved to dismiss the summary suspension on grounds that more than 30 days had passed from the date of his initial petition. The circuit court denied the motion and the defendant appealed. On appeal, the reviewing court reversed, noting that once a petition is filed, a hearing must be held within 30 days, unless the delay is occasioned by the defendant. There, the court determined that any delay in holding the hearing "was the result of inaction by the [Secretary of State's] office rather than by the defendant." *Id.* at 115. Since the delay in holding the hearing was attributable to the State, the court held that the defendant's summary suspension must be rescinded. In its closing remarks, the court added, "[a] suspension may not be rescinded until it has been confirmed." *Id.* at 116.

¶ 21 Similarly, in *Moreland*, 2011 IL App (2d) 100699, ¶ 8, the appellate court affirmed the circuit court's order granting the defendant's petition to rescind, where the defendant was not afforded a hearing within the 30-day period. Citing *Madden*, the court went on to state, "[a]lthough we determine that defendant is entitled to the rescission of the suspension because he was not given a hearing within 30 days after filing his petition, we agree with the trial court that, without a confirmation of the suspension, there is not a suspension for the trial court to rescind." *Id.* ¶ 9.

¶ 22 Because the decisions in *Madden* and *Moreland* turned on the issue of whether the defendants were afforded timely hearings on their petitions to rescind, we believe that any further statement by the court regarding whether a suspension may be rescinded absent a confirmation by the Secretary of State is *obiter dicta*. See *People v. Williams*, 204 Ill. 2d 191, 206 (2003) (*obiter dicta* are comments in a judicial opinion that are unnecessary to the

disposition of the case and, as a general rule, are not binding as authority or precedent). The statement that a suspension may not be rescinded until it has been confirmed was clearly unnecessary to the outcome of *Madden* and *Moreland* and had no bearing on the ultimate resolution of the cases—namely, whether any delays in holding the hearings were attributable to the defendants. Additionally, we decline to follow the *dicta* in *Madden* and *Moreland* because, as we discussed earlier in this opinion, a summary suspension is self-executing and automatically takes effect 46 days after the officer serves the motorist with notice that his or her license is to be suspended and is not dependent upon the issuance of a confirmation by the Secretary of State.

¶ 23    In sum, we conclude that the defendant's petition to rescind presented a controversy ripe for adjudication, and the circuit court did not err in holding a hearing on the petition even though it was not in receipt of the confirmation of suspension issued by the Secretary of State.

¶ 24    Next, the defendant argues that he was denied his right to a hearing within 30 days of filing his petition to rescind. The 30-day period within which the court must hold a rescission hearing commences on the date that the circuit court received the defendant's petition to rescind. *Bywater*, 223 Ill. 2d at 486. "However, when *any* delay in holding the hearing is occasioned by the defendant, that delay *extends* the 30-day period." (Emphasis added.) *People v. Smith*, 172 Ill. 2d 289, 295 (1996) (citing *People v. Schaefer*, 154 Ill. 2d 250, 262 (1993)). Thus, if the defendant occasions any delay beyond the 30-day deadline he is not entitled to rescission based on an untimely hearing so long as the hearing is held within 30 days of the filing of the petition to rescind exclusive of any period of delay occasioned by the defendant. *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987).

¶ 25    In the instant case, the defendant filed a petition to rescind in the circuit court on January 15, 2015. Pursuant to section 2-118.1(b), the rescission hearing had to be held within 30 days,

which expired on February 14, 2015. However, the record reveals that, on February 6, 2015, the defendant agreed to continue the matter to February 13, 2015, a delay which is attributable to him. See *Schaefer*, 154 Ill. 2d at 270; *People v. Reimolds*, 92 Ill. 2d 101, 106 (1982) (a defendant is considered to have occasioned a delay when he agrees to a continuance). Although neither party cites to any authority directly on point, we hold that the 7-day delay attributable to the continuance agreed to by the defendant, which occurred within the 30-day period, temporarily suspended the running of the period within which a hearing on the defendant's petition to rescind had to be held. See *People v. Kliner*, 185 Ill. 2d 81, 114 (1998) (for speedy trial purposes, any period of delay occasioned by the defendant temporarily suspends the running of the speedy-trial term until the expiration of the delay, at which point the period shall recommence to run). As a result of the 7-day delay, the rescission hearing had to be held on or before February 21, 2015. Because the hearing was held three days earlier, on February 18, 2015, the defendant was not entitled to a rescission of the statutory summary suspension on the basis that he was not afforded a hearing within the 30-day period as required pursuant to section 2-118.1(b) of the Code.

¶ 26    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 27    Affirmed.