# Illinois Official Reports

## Appellate Court

---

### *People v. Patel*, 2019 IL App (2d) 170766

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NILESH H. PATEL, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-17-0766 |
| Filed | March 15, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 17-DT-1954; the Hon. Jeffrey S. MacKay and the Hon. Paul A. Marchese, Judges, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Jason M. Kunowski, of Ramsell & Associates, L.L.C., of Wheaton, for appellant.<br><br>Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Mary A. Fleming, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE ZENOFF delivered the judgment of the court, with opinion.<br>Presiding Justice Birkett and Justice Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1       At issue in this appeal is whether the statutory summary suspension of the driving privileges of defendant, Nilesh H. Patel, should have been rescinded because the State's delay in tendering the discovery he requested denied him a timely and meaningful hearing. We determine that the summary suspension should have been rescinded. Accordingly, we reverse.

¶ 2                                    I. BACKGROUND

¶ 3       On August 12, 2017, defendant was charged with two counts of driving while under the influence of alcohol (625 ILCS 5/11-501(a)(1), (a)(2) (West 2016)), improper lane usage (*id.* § 11-709(a)), and speeding (*id.* § 11-601(b)). Defendant was advised that his driving privileges would be summarily suspended. When he posted bond that same day, he was ordered to appear in court on September 14, 2017. On August 14, 2017, defendant petitioned to rescind the summary suspension of his driving privileges (see *id.* § 2-118.1(b)). Along with that petition, defendant filed and served on the State motions for discovery and notices to produce pursuant to Illinois Supreme Court Rules 214 (eff. July 1, 2014) and 237 (eff. July 1, 2005). The discovery requests included, among other things, the booking room video and the breath test accuracy-check records. The State filed no objections to any of the requests.

¶ 4       On September 8, 2017, the State ordered all of the requested materials from the arresting police department. On September 14, 2017, the first scheduled court date (31 days following the filing of the petition to rescind), the parties appeared on defendant's petition. Before any hearing began, defendant told the court (Judge Jeffrey S. MacKay, presiding) that he wanted to resolve the State's failure to comply with his discovery requests. After the court noted that no motion to compel was in the record, defendant apparently tendered to the court a written motion. That motion is not in the record before this court.

¶ 5       The prosecutor advised the court that, although the State had made a good faith effort to comply with defendant's discovery requests, it did not yet have the materials defendant wanted. The prosecutor did not elaborate on what precisely constituted this good faith effort. However, the prosecutor agreed that all of the materials that defendant sought were relevant and discoverable, and he indicated that he would have those materials for defendant the following week at the latest. After advising the court that the parties had not held any conference pursuant to Illinois Supreme Court Rule 201(k) (eff. July 1, 2014), the prosecutor said that the State was ready to proceed on defendant's petition to rescind.

¶ 6       Defendant told the court that he had tried to talk to the prosecutor that morning about the discovery requests. The prosecutor asserted that that conversation, which consisted solely of the parties' agreement to present the problem to the court, did not amount to a conference as required under Rule 201(k). Defendant then indicated that he was not ready to proceed on his petition. He asked the court to attribute to the State the delay in holding a hearing or, alternatively, to infer that the requested discovery materials were favorable to him.

¶ 7       Over defendant's objection, the court (1) held defendant's motion to compel in abeyance, (2) ordered the State to produce the requested discovery by September 21, 2017, which was the next court date, and (3) tolled the statutory period in which defendant was entitled to a hearing (see 625 ILCS 5/2-118.1(b) (West 2016)). In doing so, the court noted that, while it understood why defendant was not answering ready to proceed on his petition, as he did not

have the information he wanted from the State, the court believed that barring any evidence or rescinding defendant's suspension was "too harsh" a sanction to impose on the State.

¶ 8   On September 21, 2017, defendant filed a motion to rescind the suspension, arguing that he was entitled to a rescission because he was not given a timely hearing. In court that day, the prosecutor advised the court (Judge Paul A. Marchese, presiding) that the State had now complied with all of the discovery requests. Defendant asked the court to rescind the suspension because the delay in holding the hearing on the petition was attributable to the State. The court refused to do so, observing that, given that the State had tendered discovery to defendant, the issue of the State's failure to comply was moot. The court also noted that, mootness aside, there was no indication that the parties had participated in a Rule 201(k) conference, which was necessary before any sanction could be imposed on the State.

¶ 9   The court subsequently denied defendant's petition to rescind, and this timely appeal followed.

¶ 10                                    II. ANALYSIS

¶ 11   At issue in this appeal is whether the statutory summary suspension of defendant's driving privileges should have been rescinded because the State's delay in tendering to defendant the discovery he requested denied him a timely and meaningful hearing. The answer depends on whether the trial court properly attributed the delay between September 14 and September 21, 2017, to defendant rather than to the State. For the reasons that follow, we hold that the delay was attributable to the State. Accordingly, defendant did not receive a hearing within the time prescribed by law, and he was entitled to a rescission of his statutory summary suspension.

¶ 12   Proceedings on a petition to rescind the statutory summary suspension of a defendant's driving privileges are civil. *People v. Pollitt*, 2011 IL App (2d) 091247, ¶ 13. Thus, the defendant bears the burden of proof. If he establishes a *prima facie* case for rescission, the burden shifts to the State to present evidence justifying the suspension. *Id.*

¶ 13   Section 2-118.1(b) of the Illinois Vehicle Code (625 ILCS 5/2-118.1(b) (West 2016)) provides that a defendant "shall" be given a hearing on his petition to rescind within 30 days after the petition is received or on the first appearance date.[1] "The word 'shall' conveys that the legislature intended to impose a mandatory obligation." *People v. Moreland*, 2011 IL App (2d) 100699, ¶ 8. That obligation is fulfilled when the defendant is given a timely hearing. See *id.* The failure to comply with the requirements of section 2-118.1(b) results in the rescission of the suspension, unless the delay is "occasioned by the defendant." *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987); see also *Moreland*, 2011 IL App (2d) 100699, ¶ 10 ("[A] defendant is not entitled to a rescission if the defendant caused the hearing to be delayed."). Here, defendant filed his petition to rescind on August 14, 2017, but the hearing did not occur until September 21, 2017, which was one week

---

[1]In *People v. Schaefer*, 154 Ill. 2d 250, 253 (1993), our supreme court explained that the statute "created two alternative dates for [a] hearing on a defendant's challenge to [a] summary suspension: (1) on the first court date set in the traffic citation issued to the [defendant] ***; or (2) within 30 days of a defendant's written request for a hearing on his petition to rescind."

after the first appearance date[2] and 38 days after defendant filed his petition to rescind. The hearing was timely only if the trial court was correct in attributing the one-week delay between September 14 and 21, 2017, to defendant (in the trial court's words, "toll[ing] *Trainor*" during that period).

¶ 14     Courts have analogized section 2-118.1(b) of the Illinois Vehicle Code to the criminal speedy-trial statute. See *People v. Cosenza*, 215 Ill. 2d 308, 316 (2005) ("In our view, our analogy to the speedy-trial provisions is justified by the fact that both the speedy-trial provisions and the time provision contained in section 2-118.1(b) serve to provide due-process-based time limitations for judicial proceedings to adjudicate deprivations of rights or privileges."); *People v. Guillermo*, 2016 IL App (1st) 151799, ¶ 25 (citing a criminal speedy-trial case to support the conclusion that an agreed continuance temporarily suspended the running of section 2-118.1(b)). For purposes of the criminal speedy-trial statute, a reviewing court reviews for an abuse of discretion the trial court's decision to attribute time to the defendant. *People v. Mayo*, 198 Ill. 2d 530, 535 (2002).

¶ 15     The record does not support a conclusion that defendant occasioned the delay between September 14 and 21, 2017. Defendant issued his discovery requests on August 14, 2017, the same day that he filed his petition to rescind the statutory summary suspension. The State conceded both at the trial level and on appeal that defendant was entitled to the discovery that he requested. See, *e.g.*, *People v. Orth*, 124 Ill. 2d 326, 340 (1988) (accuracy of breath-testing device relevant at hearing on petition to rescind suspension of driving privileges); *People v. Tsiamas*, 2015 IL App (2d) 140859, ¶¶ 14-16 (recordings made in connection with defendant's arrest relevant at hearing on petition to rescind the suspension of driving privileges). In fact, during oral argument on appeal, the State acknowledged that the materials that defendant requested were "integral to his case," that he was "on the ball," and that he "wasn't at fault." The State nevertheless represented at oral argument that the prosecutor produced "almost everything" to defendant on September 14, 2017, the first appearance date, seemingly suggesting that the State had substantially complied with discovery as of that date. The State later acknowledged, however, that the record was silent as to what materials were turned over on that date. We find no confirmation in the record that the State produced *any* discovery to defendant on or before the September 14, 2017, court date.

¶ 16     The State has never disputed that it would have been feasible to produce all responsive discovery to defendant prior to September 14, 2017, had the State acted on defendant's requests in a more timely fashion. The record shows that the State simply failed to make any effort toward procuring the requested materials until September 8, 2017—25 days after defendant served his requests on the State. By that time, the first appearance date was less than a week away. Conspicuously absent from the record is any excuse from the prosecutor as to why it took 25 days to begin the process of procuring the materials or why the process could not be expedited once the prosecutor learned that the materials might be unavailable for the September 14, 2017, court date. Apart from asserting in a conclusory fashion in court on September 14, 2017, that the State had "made a good-faith effort to comply with all of the

---

[2]In *People v. Mizaur*, 376 Ill. App. 3d 1066, 1067 (2007), we held that a court date set out in a defendant's bail bond constitutes the "first appearance date" for purposes of section 2-118.1(b) of the Illinois Vehicle Code.

documents [defendant] has requested," the prosecutor made no attempt to demonstrate that the State was diligent in acting on defendant's requests.

¶ 17 Moreover, the prosecutor's answer that the State was "ready" for the hearing on September 14, 2017, unfairly shifted to defendant the burden of the State's noncompliance with discovery. The State put defendant in the untenable position of having to either (1) proceed to a timely hearing that day without the materials that were needed to attempt to establish a *prima facie* case for rescission or (2) answer "not ready" for the hearing, thereby acquiescing to a continuance for purposes of tolling the time requirements contained in section 2-118.1(b) of the Illinois Vehicle Code. See *Guillermo*, 2016 IL App (1st) 151799, ¶ 25 (holding that an agreed continuance "temporarily suspended the running of the period within which a hearing on the defendant's petition to rescind had to be held").

¶ 18 Under these circumstances, the delay of the rescission hearing between September 14 and 21, 2017, should have been attributed to the State rather than to defendant. Consequently, we determine that the trial court abused its discretion in ruling otherwise, *i.e.*, in its decision to "toll *Trainor*" for one week while the State complied with its discovery obligations. Accordingly, when defendant moved on September 21, 2017, for a rescission based on the passage of more than 30 days without a hearing, the trial court should have granted the motion.

¶ 19 The State frames the issue in this appeal as whether the trial court properly refused to sanction the State for its discovery violation by granting the rescission petition. However, our holding has nothing to do with discovery sanctions. As explained above, unless defendant occasioned the delay in the proceedings, he was entitled to a hearing that complied with the time constraints of section 2-118.1(b) of the Illinois Vehicle Code. See *People v. Schaefer*, 154 Ill. 2d 250, 262-64 (1993); *Moreland*, 2011 IL App (2d) 100699, ¶ 10. He was also entitled to a hearing that was meaningful as opposed to *pro forma*. See *People v. Shaffer*, 134 Ill. App. 3d 548, 550 (1985). In the absence of *any* excuse from the prosecutor as to why the State failed to timely produce the requested materials—which were admittedly discoverable and even integral to the defense—and in the absence of *any* justification by the trial court for attributing the time to defendant, there is simply no basis to conclude that defendant occasioned the delay of the hearing.

¶ 20 The State urges, and the trial court found, that defendant failed to comply with Rule 201(k) before presenting his motion to compel on September 14, 2017. That rule provides:

> "The parties shall facilitate discovery under these rules and shall make reasonable attempts to resolve differences over discovery. Every motion with respect to discovery shall incorporate a statement that counsel responsible for trial of the case after personal consultation and reasonable attempts to resolve differences have been unable to reach an accord or that opposing counsel made himself or herself unavailable for personal consultation or was unreasonable in attempts to resolve differences." Ill. S. Ct. R. 201(k) (eff. July 1, 2014).

The record demonstrates defendant's compliance with Rule 201(k). Pursuant to Illinois Supreme Court Rule 214(a) (eff. July 1, 2014), the State was obligated to tender discovery to defendant within 28 days, by September 11, 2017. On September 14, 2017, prior to presenting a motion to compel, defense counsel asked the court to pass the case so that he could continue conferring with the prosecutor about discovery ("Can we pass this? I'm trying to work this out with the state."). When the matter was recalled, defense counsel informed the court that he had spoken to the prosecutor about what the State "did not have and wasn't capable of producing."

The prosecutor complained to the court that defense counsel had failed to offer to work things out or to get another date the next week. What the prosecutor was essentially arguing, and what the court essentially found, was that Rule 201(k) required defense counsel to waive defendant's rights under section 2-118.1(b) of the Illinois Vehicle Code by agreeing to a continuance. We are aware of no authority indicating that defense counsel was required to do so. Furthermore, nothing in the record suggests that defendant was aware much before September 14, 2017, that the State would be unable to tender discovery in court that day. When it became clear that the State could not produce discovery on September 14, 2017, defense counsel appropriately discussed the matter with the prosecutor before presenting a motion to compel. Under the circumstances, and in light of the expedited nature of the rescission proceedings at hand, it is not apparent what more defense counsel could have done on September 14, 2017, to resolve the discovery issues, short of waiving his client's right to a timely hearing.

¶ 21                                            III. CONCLUSION

¶ 22       For the reasons stated, we reverse the judgment of the circuit court of Du Page County denying defendant's petition to rescind the statutory summary suspension of his driving privileges. The clerk of this court shall immediately notify the Secretary of State that defendant's statutory summary suspension has been rescinded. See 625 ILCS 5/2-118.1(b) (West 2016) ("Upon the conclusion of the judicial hearing, the circuit court shall sustain or rescind the statutory summary suspension or revocation and immediately notify the Secretary of State."); Ill. S. Ct. R. 366(a)(5) (eff. Feb. 1, 1994) (authorizing a reviewing court to "enter any judgment and make any order that ought to have been given or made").

¶ 23       Reversed.