2020 IL App (2d) 190431
No. 2-19-0431
Opinion filed June 3, 2020

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-CF-2939 |
| | ) | |
| JENNIFER M. STOFFLE, | ) | Honorable |
| | ) | Jeffrey S. MacKay, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court, with opinion.
Justices McLaren and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Jennifer M. Stoffle, petitioned to rescind the statutory summary suspension of her driving privileges. Following a hearing, the trial court granted the petition, based on the State's failure to disclose to defendant the names of certain relevant witnesses until the day of the hearing, which, according to the court, resulted in the failure to provide defendant with a timely hearing under section 2-118.1(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/2-118.1(b) (West 2018)). The State timely appealed. We affirm.

¶ 2                                I. BACKGROUND

¶ 3 On September 28, 2018, defendant was arrested for driving under the influence of alcohol (DUI). A law enforcement sworn report, signed and dated September 28, 2018, indicated that

defendant had been involved in a motor vehicle crash, had slurred speech, and smelled of alcohol. The sworn report indicated that defendant submitted to testing at Edward Hospital and that the testing revealed a blood alcohol concentration of 0.243. The sworn report also provided: "Notice of Summary Suspension/Revocation Given On 2/28/2019." Certain discrepancies in the date fields of the sworn report[1] were reconciled, and the SOS confirmed the statutory summary suspension with an effective date of April 29, 2019.

¶ 4 On February 21, 2019, defendant was indicted on four counts of aggravated DUI.

¶ 5 On February 25, 2019, defendant petitioned to rescind the summary suspension of her driving privileges.[2] The petition alleged the following: she was not properly placed under arrest; the arresting officer did not have reasonable grounds to believe that she was driving or in actual physical control of a motor vehicle while under the influence of alcohol or drugs; she was not properly warned; she did not refuse to submit to or complete the required chemical test or tests; she submitted to the requested test or tests but the test sample of her blood alcohol concentration

---

[1] In a letter dated March 7, 2019, the Office of the Secretary of State (SOS) advised the Woodridge Police Department that it could not suspend defendant's driver's license, because the "Sworn Report contains discrepancies in the dates that appear in the Report." The letter advised that the date of the notice to the motorist and the date of the officer's signature should be the same but that the officer's signature can be at a later date. The SOS asked that an amended sworn report be submitted. An amended sworn report, dated March 14, 2019, provided: "Notice of Summary Suspension/Revocation Given on 03/14/2019." Subsequently, the SOS confirmed the statutory summary suspension with an effective date of April 29, 2019.

[2] Defendant filed her petition to rescind three days before receiving notice of summary suspension as indicated by the initial sworn report.

did not indicate a concentration of 0.08 or more; and she was not involved in a motor vehicle crash that caused "Type A" personal injury or death. Defendant reserved the right to challenge the validity of the suspension on any additional basis, upon the completion of discovery by opposing counsel.

¶ 6 Section 2-118.1(b) of the Code (625 ILCS 5/2-118.1(b) (West 2018)) provides that a defendant "shall" be given a hearing on his petition to rescind within 30 days after the petition is received or on the first appearance date. " 'The word "shall" conveys that the legislature intended to impose a mandatory obligation.' " *People v. Patel*, 2019 IL App (2d) 170766, ¶ 13 (quoting *People v. Moreland*, 2011 IL App (2d) 100699, ¶ 8). The failure to provide a defendant with a timely hearing in accordance with section 2-118.1(b) results in the rescission of the suspension, unless the delay is " 'occasioned by the defendant.' " *Id.* (quoting *In re Summary Suspension of Driver's License of Trainor*, 156 Ill. App. 3d 918, 923 (1987)); see also *Moreland*, 2011 IL App (2d) 100699, ¶ 10 ("[A] defendant is not entitled to a rescission if the defendant caused the hearing to be delayed.").

¶ 7 Along with her petition to rescind the summary suspension, defendant filed and served on the State two motions for discovery and two notices to produce pursuant to Illinois Supreme Court Rule 214 (eff. July 1, 2018) and Rule 237 (eff. July 1, 2005). One motion and notice related to "Refusal"; one motion and notice related to "Blood or Urine Test."

¶ 8 On March 18, 2019, 21 days after defendant filed her petition to rescind, the State moved to strike defendant's notices to produce, arguing that defendant was improperly using Rule 237 as a discovery tool. In addition, the State objected to defendant's requests under Rule 214, arguing that the requests were "unreasonable, overly burdensome, and unlikely to lead to the discovery of relevant information related to the *** Petition to Rescind Summary Suspension." The State also

argued that the "requests do not reflect the scope and procedure of a summary suspension hearing." Defendant acknowledged receipt of the State's motions and asked that they be heard on April 17, 2019. Defendant agreed, in the interim, to "toll Trainor," an acknowledgement that the delay from March 18, 2019, to April 17, 2019, would be attributed to her.

¶ 9 The State advised that it had provided defendant with the "initial disclosure," "the reports," "lab results," and the "towing report" and that it was still waiting for "the squad video."

¶ 10 On April 17, 2019, the parties agreed that the petition to rescind summary suspension had been filed on February 25, 2019, and that on March 18, 2019, defendant agreed to "toll Trainor." The parties further agreed that, for purposes of the 30-day speedy-hearing requirement, it was "day 21." The State argued its motions to strike, and the court found that defendant had not improperly invoked Rules 214 and 237 for discovery. Nevertheless, the court struck defendant's discovery requests related to a refusal of testing, because there was no refusal in the case. The court denied the State's motion to strike defendant's discovery requests related to the blood testing.

¶ 11 The trial court noted that the State had also filed objections and asked whether discovery was complete. The State indicated that it had tendered the squad car video, the labs, and the police report. The State further indicated that it had sent a subpoena and was awaiting receipt of hospital records.

¶ 12 The court set the matter for a summary suspension hearing on April 26, 2019, which the parties agreed was "day 30" of the speedy-hearing period. Defense counsel commented: "So I cannot say that discovery is complete or complied with, but if we'll put it to day 30 and rehash it on that day." The court stated: "And, in the meantime, if you guys could attempt to have a 201(k) [(see Ill. S. Ct. R. 201(k) (eff. July 1, 2014))] conference."

¶ 13 On April 26, 2019, the State advised that it was "answering ready for SS hearing." Defendant responded that "all we can do is enter a recission [*sic*]" because the State has not complied with discovery. The court asked defendant what discovery was missing. Defendant responded that it was not defendant's burden to tell the State what she did not have. The court asked if the parties had conducted a Rule 201(k) conference. The State argued that defendant did not participate in the conference in good faith and also that the State had "opened [*sic*] and pending objections on 214 materials." The State maintained that it had made reasonable efforts to comply with discovery. The State advised that it had not provided any documents pursuant to defendant's Rule 214 discovery requests because it had filed objections on March 18, 2019. The State argued that defense counsel had not negotiated their discovery disputes in good faith:

> "Since that date we did have a 201 K conference, and again I think this is another indication that the defense has proceeded in bad faith because counsel says that they participated in this conference. They did not participate. In fact the conference began by [Assistant State's Attorney] Barsanti going through the enumerated paragraphs in their 214 requests. She would talk about their request and she made comments as to whether certain items had been provided in the criminal case. Counsel and I believe two of the other attorneys at his office were also on the phone. [Assistant State's Attorney] Miner from my office was also on the phone. None of them said anything while Ms. Barsanti was going through those requests. And at one point Ms. Barsanti had to even ask them are you going to participate in this conference because they were silent. There was a comment made by counsel that he was thinking out loud and Mr. Miner said well, you're not even thinking out loud because you're not saying anything to us. They then relayed to the State that they only had to confirm what they were given in discovery and to quote the Patel case that counsel himself

just cited, and I would argue this is nothing like the Patel case. It is a totally different set of facts. But, in the Patel case Patel talked about the spirit of the 201 K conference and the fact that reasonable attempts should be made to resolve the differences in discovery. So, at this point the State has participated in this conference. I'm arguing that the defense if anything has not been reasonable whatsoever and after the 201 K we are here answering ready for hearing. It's our position additionally that we don't have to file a certificate of compliance because we have not tendered anything. There's nothing that's been resolved with regards to the discovery because we have opened [*sic*] and pending objections on 214 materials. The Defendant has made no attempts whatsoever to discuss or request any of the additional materials since they know we have had objections on file since March 18th."

¶ 14 The State commented further:

"And I just want to point out that this is nothing like the Patel case. Because in the Patel case, first of all the State didn't file any objections to the discovery. And, additionally, the State in that case admitted that all the items they were requesting were relevant to the hearing. We filed objections, and I'm not conceding any of that is relevant because I don't even know what they want a hearing on because they wouldn't talk on the phone to us. So, I think I know the courts are very mindful of the 30 day Trainor time period. But, counsel can't proceed by filing all these requests under the civil discovery rules and demanding that this time period be followed, but then themselves not follow the rest of the discovery rules. We have received no motion to compel. And as I've said we have absolutely made reasonable efforts. I'm saying we have gone above and beyond because we have the arresting officer here. We have the lab analyst here for their benefit, and I also want to delineate the State has criminal discovery obligations. So, yes, we have issued subpoenas

for lab documents, for paramedics reports, for the video, for 911 calls and CAD sheets and that is all part of our burden in the criminal case. If we are going by the rules of civil procedure as counsel is going to argue and want to proceed under, they have to follow those, too. They have not done that. The State has made all reasonable efforts and again would say we have gone out of our way. So, I would ask that we are answering ready for hearing. You deny any motion from them trying to rescind the suspension because the delay has been occasioned by them and they have acted in bad faith."

¶ 15 Defendant denied acting in bad faith. Defendant stated: "We previously gave them our request. If we tell them what we have logically, whatever we don't have we still want. We don't have to go through and say this, but not that."

¶ 16 The trial court noted that the situation "doesn't fit within the Patel case" because the State had filed objections to defendant's discovery requests. The court stated: "Once the objections are filed. I think I have discretion as to what is and is not relevant to the Summary Suspension hearing." The court stated that "it doesn't sound like there's been any type of meaningful 201 K conference." The court passed the case for the parties to confer. The court stated that, if necessary, it would "have a sub hearing on the objections within the SS parodyne [*sic*]."

¶ 17 When the case was recalled, the State "renew[ed] [its] objection[s]" to defendant's discovery motions. Thereafter, the trial court addressed defendant's Rule 214 motion paragraph by paragraph. Paragraph 1 requested:

"The names and addresses of all persons who have knowledge of any of the facts regarding this matter, including any written or recorded statements made by said witnesses. This would include notices, tow and inventory records, warnings, police reports, mugshots, fingerprints, booking record, bail bond records, and recordings related thereto."

The State argued that it had objected on the basis that the request was overbroad and not relevant to the blood test results. The State indicated that there was no booking video but that it had tendered, in the criminal case, police reports, the warnings to motorist, the towing documents, and the suspension notices. Defendant conceded that her requests for mug shots and fingerprints were not relevant. The court found that defendant's request for "booking records" was overbroad, stating "It sounds like a fishing expedition to me." The court also found that defendant's request for "recordings related thereto" was overbroad. It stated: "You want specific things like 911 tapes or paramedics reports, dispatch items? You have to specify those."

¶ 18 The State indicated that it had "tender[ed] today pursuant to the criminal discovery the paramedic report that we are in receipt of." The State also advised that it had subpoenaed the hospital records but had not yet received them. At that point, the trial court stated:

> "All right. And I'm going to make the finding that I think you've complied with tendering the names of all known witnesses through the discovery you've tendered already. Additionally I think you've made reasonable attempts to try to get the hospital records of the Defendant from Edward Hospital."

Defendant responded, "Your Honor, I was just tendered I think within the last 20 minutes the paramedic report, and it does give the identity of the paramedics that were on the crew. But as a practical matter if I want to call them as a witness, I couldn't very well do that today." Defendant argued further that the witnesses were relevant. The trial court agreed that the witnesses were relevant and that the delay had deprived defendant of the opportunity to address their potential testimony within the 30-day speedy hearing period:

> "THE COURT: All right. In through what defense has filed and how the State responded to this, we are going through item by item and counsel provided me with some

discovery that the State provided to which is day 30 of the Summary Suspension hearing. Regarding paramedics reports, it's a chance to look at those. There is a mention of alcohol in those paramedic reports. I think the paramedics would be relevant to Defendant's SS hearing. Defense is saying that they cannot answer ready today because the paramedics are not here. Well, he has the reports[;] the paramedics are not here. These are witnesses, relevant witnesses, in my opinion in exercising my discretion I think they are relevant witnesses that he may call at a potential SS hearing. We are on day 30.

[Defense counsel] is put in a position of having to either proceed on his SS petition without the relevant witnesses that he thinks he needs or take a date beyond the 30 days, and thus putting his client in potentially having the Summary Suspension go into effect. And I don't know if we are on day 46 or not. Are we beyond 46 days from the date she received the notice?

[DEFENSE COUNSEL]: I believe so.

THE COURT: And it's not relevant. But I was just asking. So based upon that, one of the sanctions I can exercise is a recission [*sic*] of the SS hearing. I'm not going to exercise any further sanctions regarding presumptions of evidence or anything like that. The only sanction I'm going to exercise right now is recission [*sic*] on the SS hearing because a hearing has not been held within the terms of Trainer [*sic*] and pursuant to statute."

¶ 19   The trial court's written order provided: "Based on the People's failure to provide witnesses that being the paramedics involved in the treatment of the Defendant until 4/26/19, the Defendant's petition to rescind is granted ***. A recission [*sic*] of the Defendant's statutory summary suspension is granted with the ruling being Trainor was violated."

¶ 20 The State timely appealed.

¶ 21                                    II. ANALYSIS

¶ 22  The State appeals from the rescission of defendant's summary suspension. We initially  note that defendant has not filed an appellee's brief. In *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), our supreme court provided three possible approaches to such a situation. First, if justice requires, we may serve as advocate for the appellee and search the record for purposes of sustaining the trial court's judgment. *Id.* Second, we may decide the appeal's merits if the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief. *Id.* Third, if the appellant's brief demonstrates *prima facie* reversible error, as supported by the record, we may reverse the trial court's judgment. *Id.* Here, the record is simple, as it consists of a relatively short common law record and fewer than 80 pages of transcripts. In addition, we can review the claimed errors without the aid of an appellee's brief. Accordingly, we decide the merits of the appeal.

¶ 23 "Proceedings on a petition to rescind the statutory summary suspension of a defendant's driving privileges are civil." *Patel*, 2019 IL App (2d) 170766, ¶ 12. "[T]he legislature intended the summary suspension and rescission hearing process to be swift and of limited scope." *People v. Teller*, 207 Ill. App. 3d 346, 351 (1991).

> "The only issues which a driver may raise at such hearings are: '(1) whether the person was placed under arrest; (2) whether the arresting officer had probable cause to believe that the person was driving while under the influence; (3) whether the person refused to take a chemical test; and (4) whether the person failed a test to which that person submitted.' "
>
> *Id.* (quoting *People v. Moore*, 138 Ill. 2d 162, 167 (1990)).

The burden of proof is on the defendant. *Patel*, 2019 IL App (2d) 170766, ¶ 12 If the defendant establishes a *prima facie* case for rescission, the burden shifts to the State to present evidence justifying the suspension. *Id.*

¶ 24 The State characterizes the rescission as a sanction for a discovery violation. From this perspective, the State argues that it did not commit a discovery violation, given that it filed timely objections and was "not ordered to produce the paramedics report in question before April 26, 2019." The State alternatively argues that, even if it had committed a discovery violation, the court's rescission of the summary suspension was an unreasonable sanction. In addition, the State argues that "*Trainor* should have been tolled" while the State's objections were pending and that any delay should be attributed to defendant.

¶ 25 The State frames the issue as whether the rescission of defendant's summary suspension was an appropriate "sanction" for a discovery violation, which it claims that it did not commit. To be sure, the trial court called the rescission a "sanction," but the court expressly cited "the statute," effectively rescinding the summary suspension for a violation of the speedy-hearing requirement of section 2-118.1(b) of the Code. Thus, our review of the rescission turns not on whether the State committed a discovery violation and whether rescission was an appropriate sanction but on whether defendant occasioned the delay in the proceedings.

¶ 26 Section 2-118.1(b) mandated that defendant receive a hearing on her petition within 30 days after the petition was received (see 625 ILCS 5/2-118.1(b) (West 2018)) and that the failure to provide a timely hearing must result in rescission. *Patel*, 2019 IL App (2d) 170766, ¶ 13; *Trainor*, 156 Ill. App. 3d at 918. "[U]nless defendant occasioned the delay in the proceedings, [s]he was entitled to a hearing that complied with the time constraints of section 2-118.1(b) of the [Code]." *Patel*, 2019 IL App (2d) 170766, ¶ 19.

¶ 27 The State provided defendant with the names of necessary witnesses on the last day that a timely hearing could have occurred, effectively preventing defendant from calling those witnesses. A hearing after that day would have been timely only if the delay between April 17, 2019, and April 26, 2019, were attributed to defendant. The trial court, in granting defendant's petition to rescind her summary suspension, essentially attributed that delay to the State. We review this decision for an abuse of discretion. See *Patel*, 2019 IL App (2d) 170766, ¶ 14.

¶ 28 The record refutes the State's position that defendant occasioned the delay between April 17, 2019, and April 26, 2019. The State claims that it is not responsible for the delay, because it "[was] not ordered to produce the paramedics report in question before April 26, 2019." However, the rescission was based not on the State's delay in producing the report but on its delay in disclosing the names of the paramedics. The court found that the paramedics were relevant and discoverable witnesses, and the State does not dispute this point on appeal. See Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited ***.").

¶ 29 The State also argues that, while its objections were pending, "*Trainor* should have been tolled" and that any delay should have been attributed to defendant. To be sure, the State filed objections to defendant's discovery motions, and on April 17, 2019, the trial court struck defendant's discovery requests related to a refusal of testing, because no refusal occurred. On April 26, 2019, the court found that defendant's requests for booking records and recordings were overbroad. However, the State has not directed us to any authority holding that the filing of an objection by the State *automatically* tolls the 30-day period set forth in section 2-118.1(b) of the Code. The State cites *People v. Tsiamas*, 2015 IL App (2d) 140859, ¶ 18, where we noted that the State may object to discovery requests during summary suspension proceedings but we did not hold that doing so would have automatically tolled the 30-day period, which was not even at issue

in that case. If we were to adopt the State's position, the State could manipulate the summary suspension proceedings by filing a series of discovery objections and attributing the delay to defendant.

¶ 30 The State also cites *Patel*, where the defendant filed a petition to rescind the summary suspension of his driving privileges, along with motions for discovery and notices to produce. *Patel*, 2019 IL App (2d) 170766, ¶ 3. Twenty-five days later, the trial court, over the defendant's objection, granted the State an additional 7 days to produce discovery and tolled the 30-day period. *Id.* ¶ 7. The defendant filed a motion to rescind the summary suspension, because the hearing took place 38 days after the petition was filed, but the trial court denied the motion. *Id.* ¶ 8. We reversed, holding that the additional time should have been attributed to the State, because the record did not support a conclusion that the defendant "occasioned the delay." *Id.* ¶ 15. We noted the State's concession at trial and at oral argument that the defendant was entitled to the discovery that he requested and that the State did not dispute that it would have been feasible to produce the requested discovery. *Id.* ¶¶ 15, 16. We stated:

"In the absence of *any* excuse from the prosecutor as to why the State failed to timely produce the requested materials—which were admittedly discoverable and even integral to the defense—and in the absence of *any* justification by the trial court for attributing the time to defendant, there is simply no basis to conclude that defendant occasioned the delay of the hearing." (Emphases in original.) *Id.* ¶ 19.

¶ 31 Unlike in *Patel*, the State objected to defendant's discovery requests, but those objections were unrelated to the paramedics. The State does not dispute that the paramedics were relevant and discoverable witnesses or that it was feasible to timely disclose their names. Moreover, the State did not argue below that the 30-day period should be tolled pending a ruling on its discovery

objections. Indeed, on March 18, 2019, when the State filed its objections, defendant was the party who agreed to toll the 30-day period until April 17, 2019. On April 17, 2019, the State did not seek a ruling on certain objections or object when the summary suspension hearing was set for April 26, 2019. The State conceded that, for purposes of section 2-118.1(b), the 30-day period would expire on April 26, 2019. The State offers no basis on which to conclude that any delay in producing the names of the paramedics should be attributed to defendant.

¶ 32 The trial court held: "[Defense counsel] is put in a position of having to either proceed on his SS petition without the relevant witnesses that he thinks he needs or take a date beyond the 30 days, and thus putting his client in potentially having the Summary Suspension go into effect." We agree. See *Patel*, 2019 IL App (2d) 170766, ¶ 17. Given the court's rationale, we conclude that the trial court did not abuse its discretion in granting defendant's petition to rescind her summary suspension.

¶ 33                                    III. CONCLUSION

¶ 34 For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 35 Affirmed.

---

**No. 2-19-0431**

---

| | |
|---|---|
| **Cite as:** | *People v. Stoffle*, 2020 IL App (2d) 190431 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 18-CF-2939; the Hon. Jeffrey S. MacKay, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman and Mary A. Fleming, Assistant State's Attorneys, of counsel), for the People. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | No brief filed for appellee. |

---