2023 IL App (2d) 220155
No. 2-22-0155
Opinion filed January 20, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 21-DT-727 |
| JULIAN I. SANDOVAL, | ) ) ) | Honorable Mary H. Nader, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Hudson concurred in the judgment and opinion.

**OPINION**

¶ 1     The State charged defendant, Julian I. Sandoval, with driving while under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2) (West 2020)). His driving privileges were summarily suspended by statute. He petitioned to rescind the summary suspension, arguing that the arresting officer lacked reasonable grounds to believe that he was under the influence of alcohol. At the hearing on the petition to rescind, the trial court took judicial notice of the court file, which included the arresting officer's official reports. Defendant testified at the hearing and offered no other evidence to support his petition. After defendant rested his case, the State asked the court to consider the arresting officer's official reports under section 2-118.1(b) of the Illinois Vehicle Code (Code) (*id.* § 2-118.1(b)), as the officer was neither subpoenaed nor appeared in court. The

court asked defendant if he would stipulate to the admission of the reports, and defendant said no. The State presented no evidence. The court granted defendant's petition to rescind, noting that it did not consider the official reports as evidence. The State timely appeals, arguing that the court should have considered the official reports. We agree with the State that the court should have permitted it to rely on the official reports in its case in chief. Accordingly, we vacate the court's order granting defendant's petition to rescind and remand this cause for a new rescission hearing, where the State may proceed on the arresting officer's official reports if it so chooses.

¶ 2                                    I. BACKGROUND

¶ 3      The facts are undisputed. Those relevant to resolving the issue raised are as follows.

¶ 4      On November 20, 2021, defendant was issued a citation and complaint for DUI (DUI citation). The notations on the DUI citation indicated that McHenry County Sheriff's Deputy Richard Kim, the arresting officer, used his radar gun to clock defendant driving 71 miles per hour in a posted 55-mile-per-hour zone. Kim also completed a "Law Enforcement Sworn Report" (sworn report). The sworn report provided:

> "T[raffic] Stop on vehicle for speeding. [Vehicle] did not pull over right away. When it did it hit the curb. Spoke w/driver who had glassy bloodshot eyes, slurred speech, odor of alcoholic bev."

Finally, Kim completed a "Warning to Motorist" (warning). The warning (1) admonished defendant about the consequences of submitting to or refusing chemical testing to determine if any specified intoxicating compounds were in his system and (2) reflected that defendant refused chemical testing. Kim signed the DUI citation, sworn report, and warning, certifying under penalty of law that the information contained in each was true and correct.

¶ 5 Defendant retained counsel and petitioned to rescind the statutory summary suspension of his driving privileges. He raised five bases to rescind. At the hearing on the petition, the trial court noted that the parties had subpoenaed no witnesses. The court asked defense counsel how he wished to proceed. Counsel said that he was ready for a hearing. The court inquired, "With no witnesses?" Defense counsel replied, "Judge, only my client[, defendant]." The court said, "Okay. All right."

¶ 6 Before the hearing began, the State asked the trial court to take judicial notice of the court file and the National Highway Traffic Safety Administration (NHTSA) guidelines. The court file contained the properly filed (1) DUI citation, (2) sworn report, and (3) warning. After defense counsel said he had no objection, the court took judicial notice of its file and the NHTSA guidelines. Defense counsel also advised the court that he was proceeding on the sole issue of whether Kim had reasonable grounds to believe that defendant was under the influence.

¶ 7 Defendant testified that at around 1 a.m. on November 20, 2021, he was on Illinois State Route 31, driving home from a friend's house. Defendant obeyed all traffic laws, including observing the 55 miles-per-hour posted speed limit. Kim pulled defendant over, approached defendant in his car, and told him that he was speeding. Kim also told defendant that he could smell alcohol. Defendant testified that he had not consumed any alcohol and that there was no reason for either his breath or his vehicle to smell of alcohol. Kim asked defendant to step out of his car, as Kim wished to have defendant perform field sobriety tests. Defendant refused to submit to any such testing.

¶ 8 Defense counsel rested. The State did not move for a directed finding. At the outset of its case, the State asked to proceed in the following manner:

"Your Honor, pursuant to statute, the exact number being 625 ILCS 5[/]2-118.1, opportunity for a hearing on summary suspension, alcohol or other drug-related suspension or revocation, subsection (b) allows the hearing to be conducted upon a review of the law enforcement officer's own official reports. At the same time the [S]tate would offer said official reports for this case; defense counsel has had an opportunity to review these."

Defense counsel concurred that he had reviewed Kim's official reports. The court asked if counsel would "stipulate to the admission of the reports." Counsel said no. The State interjected, advising the court that the reports "are admissible per the statute." The court replied, "We're not conducting the hearing on it, though. So it's his hearing and he's not choosing to conduct it on the reports." Having made its record, the State accepted the court's ruling and rested.

¶ 9    During closing argument, the State noted that the trial court had taken judicial notice of the NHTSA guidelines and the court's file contents, including Kim's official reports. The State noted that the substance of Kim's sworn report was that (1) Kim initiated a traffic stop for speeding, (2) defendant failed to stop immediately and hit a curb, and (3) in speaking with defendant, Kim detected slurred speech, bloodshot eyes, and the odor of alcohol. The State argued that the defendant's traffic infraction and Kim's personal observations of defendant constituted signs of impairment under the NHTSA guidelines. Accordingly, the State contended that Kim had reasonable grounds to believe that defendant was under the influence, and, thus, the court should deny defendant's petition to rescind. Defense counsel disagreed, claiming that the State was "essentially trying to back door getting the documents into the hearing when that's not how we're proceeding."

¶ 10    The trial court granted defendant's petition to rescind. In doing so, the court stated:

"So the only evidence I have before me is—even if I take judicial notice of the file, that is not evidence. And I have that the defendant states he was obeying all laws and he was visiting a friend, had nothing to drink on the 19th or the 20th, that he did not smell like alcohol, doesn't know of any reason the officer would smell alcohol, which I do have to say that it does say an odor of DF [*sic*] alcohol bev, as best as I can read it, on the law officer's sworn report.

The law officer's sworn report also says that the vehicle was stopped for speeding. The defendant has testified that he was not speeding and he said he did not pull over right away. There [were] no questions regarding whether he did not pull over right away, so in absence of that, I [must] defer to the physical testimony. And did not ask if he hit the curb, and so then it says spoke with the driver who had glassy, bloodshot eyes and slurred speech. Glassy eyes and bloodshot eyes and slurred speech is not enough for probable cause or reasonable grounds."

¶ 11 The State moved the court to reconsider its ruling, arguing that both section 2-118.1(b) of the Code and case law allow the State to rely on the arresting officer's official reports if the officer was not subpoenaed. In his response to the motion, defense counsel focused on Kim's sworn report. Counsel agreed that both section 2-118.1(b) and case law provide that the trial court "may consider" (emphasis omitted) an officer's sworn report where the officer was not subpoenaed. Thus, "the [trial] court may consider Deputy Kim's sworn report[ ] and give such evidence as much or as little weight as the court deems proper." Defendant argued that any error in the court's failure to consider the sworn report was harmless, as the sworn report, like an affidavit, was "weak[ ] and *** unsatisfactory evidence." (Internal quotation marks and emphasis omitted.)

¶ 12 The trial court denied the State's motion to reconsider, explaining:

"[I]t was the way that it was presented for me to accept the police report that was what I considered the error. It was not presented in the manner in which you're stating now."

¶ 13　The State timely appealed. See Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Village of Mundelein v. Thompson*, 341 Ill. App. 3d 842, 847 (2003).

¶ 14　　　　　　　　　　　　　　　II. ANALYSIS

¶ 15　At issue in this appeal is whether the trial court erred in refusing to consider Kim's official reports. Before considering this issue, we observe that defendant, the appellee, failed to file a brief in this court. Although considering an appeal without an appellee's brief is not ideal, its absence is not fatal.

"Under *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976), we may consider the merits of an appeal despite the absence of an appellee's brief if 'the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief.' " *People v. Guillen*, 2014 IL App (2d) 131216, ¶ 20.

¶ 16　Here, because there are no disputed facts and our focus is on the trial court's refusal to consider Kim's official reports, we determine that the issue raised is simple. See *id.* (application of the *Talandis* "easily decided" prong, even to issues of first impression, is well established). Thus, we will consider the appeal's merits. In doing so, we review *de novo*, as the issue the State raises concerns whether the trial court misapplied the law. *In re Commitment of Gavin*, 2019 IL App (1st) 180881, ¶ 53 (citing *Reliable Fire Equipment Co. v. Arredondo*, 2011 IL 111871, ¶ 13); see also *Gajda v. Steel Solutions Firm, Inc.*, 2015 IL App (1st) 142219, ¶ 13 ("[The] [p]laintiffs' motion to reconsider asserted that the court misapplied existing law[;] thus, the appellate court reviews the [trial] court's denial of the motion to reconsider *de novo*.").

¶ 17 "Proceedings on a petition to rescind the statutory summary suspension of a defendant's driving privileges are civil." *People v. Patel*, 2019 IL App (2d) 170766, ¶ 12. "Thus, the defendant bears the burden of proof." *Id.* "If [the defendant] establishes a *prima facie* case for rescission, the burden shifts to the State to present evidence justifying the suspension." *Id.*

¶ 18 Defendant presented a *prima facie* case for rescission when he testified that he was not speeding, he was obeying all traffic laws, and, most importantly, he did not consume any alcohol at any time before he was pulled over. See *People v. Graney*, 234 Ill. App. 3d 497, 504 (1992) ("[A] defendant may establish a *prima facie* case by testifying that he was not under the influence of alcohol and, thus, shift the burden to the State, provided that the trial court believes the defendant's testimony." (Emphasis omitted.)). The State did not move for a directed finding, and nothing suggested that the trial court found defendant incredible. Thus, the burden shifted to the State to present evidence justifying the statutory summary suspension of defendant's driving privileges.

¶ 19 To rebut defendant's *prima facie* case, the State sought to rely on Kim's official reports. However, the court refused to consider the properly filed reports because defendant did not stipulate to the information contained in the reports or choose to use the reports in his case. The State moved the court to reconsider, arguing that the court's ruling was a misapplication of section 2-118.1(b) of the Code. In his response, defendant acknowledged that the court had discretion to consider Kim's sworn report. The court denied the motion to reconsider, indicating that the State failed to seek admission of the reports. But, the court did not specify what the State should have done differently.

¶ 20 Section 2-118.1(b) of the Code provides in relevant part:

"The hearing [on the petition to rescind] may be conducted upon a review of the law enforcement officer's own official reports; provided however, that the person may subpoena the officer." 625 ILCS 5/2-118.1(b) (West 2020).

¶ 21    The plain and ordinary language of this statutory provision, to which we must defer (see *People v. Pohl*, 2012 IL App (2d) 100629, ¶ 9), provides that the hearing on a petition to rescind may be conducted on the arresting officer's official reports. *People v. McIntire*, 236 Ill. App. 3d 732, 733 (1992). The plain language also provides that the defendant may subpoena the arresting officer. See *id.* Nowhere does it indicate that the defendant alone chooses whether the court may consider the officer's official reports or that the defendant must agree before the court considers them. We cannot read into section 2-118.1(b) such a limitation, as the legislature did not provide for one. *People v. Moreland*, 2011 IL App (2d) 100699, ¶ 7.

¶ 22    *McIntire* supports our interpretation of section 2-118.1(b). At issue in *McIntire* was, among other things, "whether the [trial] court must formally receive the [arresting] officer's report in evidence before considering it." *McIntire*, 236 Ill. App. 3d at 733. The appellate court found that this was not required. *Id.* at 737. Analogizing an arresting officer's official reports to presentence investigation reports, the appellate court determined that an officer's official reports are before the trial court once they are filed. *Id.* Nothing other than filing the reports in the trial court is required for them to be considered at a hearing on the defendant's petition to rescind. *Id.*

¶ 23    Here, the DUI citation, the sworn report, and the warning were all filed with the trial court. Once filed, the State needed to do nothing more than ask the court to consider them. The court's conclusion that the State was required to engage in some further formality before the court could consider the reports was incorrect.

¶ 24    The fact that Kim's official reports were before the court once they were filed is fatal to the other reasons the court gave for refusing to consider Kim's official reports. Kim's official reports were admitted once filed; thus, the reports were part of the hearing on defendant's petition to rescind, regardless of whether defendant wished to present the reports or stipulate to their admission. See *id.* (the arresting officer's official reports are "the heart of the proceeding"). Moreover, because they were admitted, the State could stand on Kim's official reports to rebut defendant's *prima facie* case that he was not under the influence. Several cases have found as much. See, *e.g.*, *People v. Wiley*, 333 Ill. App. 3d 861, 863 (2002) ("[T]he State may proceed solely on the [arresting] officer's sworn report."); *People v. Gafford*, 218 Ill. App. 3d 492, 498 (1991) ("The [arresting] officer need not appear, and a court may rely on the officer's official reports ***."); *People v. Johnson*, 186 Ill. App. 3d 951, 954 (1989) ("[T]he State is permitted to use the arresting officer's sworn report to support the summary suspension of a defendant's driver's license ***.").

¶ 25    All of that said, the mere fact that an arresting officer's official reports are inevitably part of a rescission proceeding does not mean that they are conclusive proof that the defendant was driving under the influence. The trial court must still weigh the evidence at the rescission hearing and make factual findings where the evidence is conflicting. See *People v. Cielak*, 2016 IL App (2d) 150944, ¶ 6. Weighing that evidence will necessarily involve considering, as here, the defendant's live testimony in light of the arresting officer's official reports, whether they are verified, as here, or not. What weight to afford this evidence remains a question for the trial court. See *In re Summary Suspension of Driver's License of Vaughn*, 164 Ill. App. 3d 49, 52 (1987).

¶ 26                              III. CONCLUSION

¶ 27     For the reasons stated, we vacate the judgment of the circuit court of McHenry County, granting defendant's petition to rescind the statutory summary suspension of his driving privileges, and we remand this case for a new hearing under section 2-118.1(b) of the Code.

¶ 28     Vacated and remanded with directions.

*People v. Sandoval*, **2023 IL App (2d) 220155**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 21-DT-727; the Hon. Mary H. Nader, Judge, presiding. |
| **Attorneys for Appellant:** | Patrick D. Kenneally, State's Attorney, of Woodstock (Patrick Delfino, Edward R. Psenicka, and Adam J. Rodriguez, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| **Attorneys for Appellee:** | No brief filed for appellee. |

¶ 29